NORTHERN and Others *v.* THE STATE on the Relation of
LATHROP.

A constable going out of office may deliver to his successor unexpired executions, and such delivery excuses him from returning them.

Growing crops, raised annually, by labor, are subject to sale as personal property, before maturity, and their sale does not necessarily require a memorandum in writing, to make it valid.

ERROR to the *Dearborn* Circuit Court.

*Saturday,*
*June 10.*

PERKINS, J.—Debt on the official bond of a constable, against him and his sureties.

Two breaches were assigned in the declaration. 1. Failure to return an execution; 2. Failure to collect the money on the execution.

Pleas. 1. To the declaration, no such execution. Replication that there was such execution; issue thereon. 2. A plea to the first breach, as follows:

"The defendants say that, after the issuing of said execution, and before the return day thereof, and before the 10th day of *May*, 1845, the said *Joshua Northern* ceased to be a constable of *Lawrenceburgh* township aforesaid; and that one *Peter H. Ewing*, having been duly elected a constable of said township, and having duly qualified as such, to-wit, on the 10th day of *May*, 1845, and before said writ had been executed, the said *Joshua Northern* did, on the said last named day, the said *Ewing* then being a constable as aforesaid, deliver the said execution to him, the said *Ewing*, to be executed, and the said *Ewing*, as such constable, then and there accepted and received the same, and this," &c. Demurrer sustained to this plea. 3. A plea to the second breach, that, while the execution was in the hands of *Northern*, the defendants therein had no property subject to it. Replication, that they had such property; issue thereon. 4. A plea to the first breach, that *Northern* did return the execution within a year. Replication in denial; issue thereon. There was a fifth plea to which a demurrer was sustained, but we need not notice it. The issues of fact were decided summarily by

the Court for the plaintiff, and a new trial was denied. The evidence is upon the record.

The demurrer to the second plea should have been overruled. Section 422, p. 750, of the R. S., enacts that:

"If any officer to whom an execution shall have been delivered, shall die, or shall go out of office before such writ shall have been executed, his successor, or any officer authorized by law to discharge the duties of such office in such case, shall proceed thereon in the same manner that the officer to whom such writ was originally delivered might have done."

We think this section authorizes a constable, going out of office, to deliver to his successor unexpired executions; and, of course, excuses such constable from returning those so delivered.

The finding of the Court upon the issue on the replication to the third plea was wrong. The defendants had no property subject to execution. It is admitted they had not unless the corn mentioned below was so. A witness, "*James H. Goff*, testified that, about the last of *May* or first of *June*, 1844, after the corn which *David Griffin* had planted on the farm of *George Cheek*, was two or three inches high, said *Griffin* called and told him the weeds were about taking his corn; that he was poor and sick, and should not be able to raise his crop unless," &c. *Goff* then bought the corn of *Griffin*, paid a part of the consideration in hand, &c. The execution against *Griffin*, for failing to make the money on which, the defendants are sued, did not issue till the *August* succeeding this sale, and it is not pretended there was any fraud; but it is insisted that the corn was not so *in esse* at the time as to be the subject of sale, and that the contract was for an interest in land and within the statute requiring a memorandum in writing. The cases of *Whipple* v. *Foot*, 2 John. 418; *Austin* v. *Sawyer*, 9 Cow. 39; *Craddock* v. *Riddlesbarger*, 2 Dana 205; and *Jones* v. *Flint*, 10 Ad. & Ell. 753, among others, decide that growing crops, raised annually, by labor, are the subject of sale as personal property, before maturity, and that their sale does not

necessarily involve an interest in the realty requiring a written agreement. See also Chit. on Con. 301; 1 Hill. Ab. 58. We think this case comes within those cited. No other point requires an opinion.

It is only necessary to add, that we are not satisfied, upon a full examination of this case, that the plaintiff in error was not injured by the erroneous decisions of the Court below, and shall, therefore, reverse the final judgment there rendered.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. T. Brown* and *E. Dumont*, for the plaintiffs.

*P. L. Spooner*, for the defendant.