Nov. Term, 1860.

MATLOCK v. FRY.

———————— ►•◄ ————————

MATLOCK v. FRY and Another.

Suit to recover the possession of fifty-three acres of corn, standing in the field. Before the issues were closed, the plaintiff moved, on affidavit, to change the venue of the cause, because of the odium in which he was held by the citizens of the county.

*Held*, that as the cause alleged for a change of venue had no reference to the judge presiding, the decision of the motion was rightly held over till the issues were closed.

*Held*, also, that ripe corn, standing upon the stalk, not severed from the land, may be recovered under the statute for the recovery of personal property.

APPEAL from the *Hendricks* Common Pleas.

HANNA, J.—*Matlock* sued for the recovery of the possession of "fifty-three acres of corn, standing in the field, supposed to be twenty-three hundred bushels," &c.

At the first term of the Court, *Matlock* filed his affidavit, that, "because of the odium in which he was held by the citizens of the county," he could not have justice, &c., and moved the Court to grant him a change of venue to some other county. The record does not show any disposition of this motion. The defendant demurred to the complaint, which was sustained.

*Friday, January 25.*

It is insisted that the Court erred in not sustaining the motion to change the venue, and in sustaining the demurrer.

As to the first point, the attorney for the appellee, as the Court below, passes over it in silence; as to the second, he argues that the property described can not be recovered in this form of action.

There is nothing in the first point. The causes alleged for a change had no reference to the judge presiding. He, therefore, did right to suspend a decision upon that motion until the issues were made. One reason for this is, that the parties might be apprized of the issues to be tried in the case, and not be compelled to act in the dark in preparing evidence for the trial, and thus, perhaps, burden themselves with unne · cessary witnesses, to be taken to another county.

This action was instituted under the statute which enacts, that " when any personal goods are wrongfully taken, or unlawfully detained," &c.   2 R. S., § 128, p. 54.

There is but this one mode of proceeding pointed out, by our code of procedure, to recover a specific article of personal property.   Does it include this property—ripe corn standing upon the stalk, not severed therefrom, nor from the land?

In 2 Parson's on Cont., p. 313, the following proposition is advanced, in treating of the statute of frauds: "If grain be growing when it is sold, yet if the sale contemplates its severance when grown, and a delivery of it then, distinct from the land, it is, in the contemplation of the parties, a mere chattel, and is therefore so in the view of the law, so far at least as this statute is concerned." Various decisions, bearing upon the question, are referred to in notes to the text.   Among others, in trover for a field of turnips, it is said, that "at common law, growing crops were uniformly held to be goods; and they were subject to all the legal consequences of being goods, as seizure in execution," &c. Dunn v. Ferguson, Hayes, 540, is cited.

It is held in 1 Ind. 114, that "growing crops, raised annually by labor, are the subject of sale as personal property." 4 id. 148.  So, in 6 id. 75, "growing corn can be as readily delivered as any other article of commerce."

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

J. L. *Ketcham*, J. *Gregg*, C. C. *Nave* and J. *Witherow*, for appellant.

J. S. *Miller*, for appellees.