## GUIPE ET AL. *v.* MILLER ET AL.

[No. 14,272.   Filed April 23, 1932.]

*Church & Chester, Harmon & Wider* and *D. M. Hoover,* for appellants.

*Raymer & Olds* and *Dunton & Dunton,* for appellees.

CURTIS, J.—This action was brought by the appellees against the appellants to secure a construction of the last will and testament of John Guipe, deceased, and of the codicil thereto, to quiet title to the real estate described in the complaint and for partition thereof. The complaint was in four paragraphs, to the second, third and fourth of which, the appellants each filed a demurrer. These demurrers were each overruled and exceptions duly taken. The paragraphs of the complaint were each answered by a general denial. Appellants also filed a cross-complaint seeking to have the title to the real estate in controversy quieted in themselves, to which a reply in general denial was filed. Upon the issues thus tendered, the cause was submitted to the court for trial. At the request of the appellees, the court made a special finding of facts and stated conclusions of law thereon. The conclusions of law were favorable to the appellees. The appellants separately and severally moved for a new trial, which motion was overruled and exceptions taken, and judgment was entered for the appellees upon the finding of facts and conclusions of law and this appeal prayed and perfected.

The errors relied upon for reversal are the overruling of the motion for a new trial, error in each of the conclusions of law and error in overruling the demurrer to each of the second, third and fourth paragraphs of the complaint. The causes in the motion for a new trial that are material to a consideration of the appeal are: (1) That the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law.

In the appellants' brief under Propositions, Points and Authorities, there is this statement: "The questions presented by the appeal, in part, reach the alleged error committed by the court in overruling the demurrers, overruling the motion for a new trial, and in stating erroneous conclusions of law. So the authorities cited following are applicable to each of these errors, in so far as the same question is presented by each of said errors." The plan suggested by the appellant was followed by the appellee to a more or less extent and will be adopted by this court.

The evidence was mainly by stipulation and is not in dispute and in our opinion, fully sustains the finding of facts, which is as follows: (1) "That John Guipe died testate November 14, 1913, in Elkhart County, Indiana, and leaving a last will and testament and codicil thereto, which last will and testament was dated July 20, 1906, and the codicil thereto, which was dated September 5, 1908, which said last will and testament and codicil thereto are in the words and figures following, to wit:

"WILL.

" 'I, John Guipe, of the City of Elkhart, County of Elkhart, State of Indiana, hereby make and constitute this my last will and testament, revoking all wills heretofore made by me.

" 'Item 1.—I desire that my just debts and funeral expenses be paid as soon as possible after my death out of any monies on hand or in bank.

" 'Item 2.—I bequeath to my daughter, Flora B. McGowan, the sum of One thousand (1000.00) dollars in money or notes.

" 'Item 3.—If, after the payment of my just debts and funeral expenses and the bequest of one thousand (1000) dollars to Flora B. McGowan mentioned in items one and two above, there be any money on hand or in bank, I bequeath the same equally to my daughters, Rachel A. Miller and Flora B. McGowan and to my son, Henry L. Guipe.

" 'Item 4.—I bequeath to my son, Henry L. Guipe all of my wearing apparel, my book case, with all books and contents, my eight day clock, marble top stand, bed clothes, trunk, with bed blankets, gold watch and foot rest, with contents.

" 'Item 5.—I bequeath to the said Rachel A. Miller all of the rest of my personal and household effects not bequeathed in item four above.

" 'Item 6.—So long as my daughter, Rachel A. Miller shall live I direct that my store building and premises located on the northwest corner of Main Street and Lexington Avenue in the city of Elkhart, Indiana, being a part of lot number Thirteen (13) in the Original Plat of the Town, now City, of Elkhart, be not sold; and that during the life of the said Rachel A. Miller the net income from the said property, derived after the payment of insurance, taxes, repairs and other expenses incurred in the maintenance of the said premises be divided equally between my three children, Rachel A. Miller, Flora B. McGowan and Henry L. Guipe.

" 'If my said daughter, Rachel A. Miller, shall die before the said Flora B. McGowan and Henry L. Guipe,

I devise the said real estate in fee simple to the said Flora B. McGowan and Henry L. Guipe, share and share alike.

" 'If the said Flora B. McGowan shall die without children, before the said Rachel A. Miller and Henry L. Guipe, I devise the said real estate as follows: 'The undivided two-thirds (2/3) thereof to the said Henry L. Guipe in fee simple. The net income of the other undivided one-third (1/3) I bequeath to the said Rachel A. Miller so long as she lives, and the fee simple title thereof I devise at her death to the said Henry L. Guipe.

" 'If the said Henry L. Guipe shall die first, I bequeath the net income of the said real estate in equal parts to the said Rachel A. Miller, Flora B. McGowan and the children of said Henry L. Guipe so long as the said Rachel A. Miller shall live. If, after the death of the said Henry L. Guipe, the said Rachel A. Miller shall die before the said Flora B. McGowan, I devise the undivided one-third (1/3) of the said real estate from which she receives her income in fee simple to the said Flora B. McGowan and the children of the said Henry L. Guipe; if, after the death of said Henry L. Guipe, the said Flora B. McGowan shall die, without children, before the death of said Rachel A. Miller, I devise the undivided one-third (1/3) interest of the said Flora B. McGowan in the said real estate to the children of the said Henry L. Guipe.

" 'For the information and guidance of my executors I hereby state that my room and board with my said daughter Rachel A. Miller has been paid in full up to this time from month to month, and it is my intention, under the arrangement existing between the said Rachel A. Miller and myself, to keep my room rent, board and all other matters existing and subsisting between the said Rachel A. Miller and myself, paid in full monthly from time to time; and I hereby expressly direct and

provide that if any attempt is made by the said Rachel A. Miller or by any one for her or in her behalf, to collect from my estate for room rent, board or any other matter or thing whatsoever, the bequests herein made to her are set aside, and I furthermore expressly provide that if any of the devisees or legatees ·of this will attack the same, or attempt to set aside the same or any of the provisions thereof, such bequest or devise as I have herein made is annulled as to the person or persons making such attack or attempt. I devise to the said Rachel A. Miller, Flora B. McGowan, Henry L. Guipe and their families my lot in Grace Lawn Cemetery.

" 'I appoint my son, Henry L. Guipe and my daughter Flora B. McGowan, and the survivor of them, the executors or executor of this my last will and testament and expressly direct, authorize and empower them to serve as such without bond and without proceedings in any court.

" 'In Witness Whereof I have hereunto set my hand and seal at the City of Elkhart in the County of Elkhart and State of Indiana, this twentieth day of July, 1906, in the presence of Mary A. Thomas and Louis M. Simpson, both of the said City of Elkhart.

" 'John Guipe. (Seal)

" 'The foregoing was signed and acknowledged by the said John Guipe as his last will and testament, in our presence and in the presence of each other, at the City of Elkhart, in Elkhart County and State of Indiana, this twentieth day of July, 1906.

" 'Mary A. Thomas,<br>" 'Louis M. Simpson.

"Codicil. 'A codicil to the within will executed by me July 20, 1906, to-wit: 'Wherever in the within will I have made reference to the children of my son Henry Guipe I had in mind his children by his present wife, Emma Jeannette Guipe, to-wit: Russel M. Guipe,

Wallace R. Guipe and John Guipe, Junior; and in carrying out the provisions of this my within will my executors and the Court in which the said will shall be filed are hereby authorized and directed to be governed accordingly in carrying out the provisions of this said will, it being my express desire and intention that no benefit under this will inure to the son of the said Henry L. Guipe by a former marriage prior to that with his present wife above named.

'In Witness Whereof I hereunto subscribe at the City of Elkhart this fifth day of September, 1908, in the presence of Louis M. Simpson and Mary A. Thomas, both of the said City of Elkhart.

" 'John Guipe.   (Seal)

" 'The foregoing was signed and acknowledged by the said John Guipe as and for a codicil to his last will and testament, in our presence and in the presence of each other, at the City of Elkhart, in Elkhart County and State of Indiana, this fifth day of September, 1908.

" 'Louis M. Simpson,

" 'Mary A. Thomas.'

"(2)   That the said will and codicil was duly admitted to probate in the Elkhart Superior Court on November 18, 1913.

"(3)   That the testator left surviving no wife, no parent, and that he left surviving him three children, to-wit: Plaintiff Rachel A. Miller and Henry L. Guipe and Flora B. McGowan, and that he left no other children surviving him.   That he never adopted a child. That no child of his died previous to his death, leaving a child surviving the testator.

"(4)   That the said Henry L. Guipe, son of the testator, died testate on June 9, 1926.   (Here follows a copy of his will which need not be set out.   His wife Emma Guipe was his only beneficiary.)   That the said

Henry L. Guipe at the time of his death left surviving him his widow, Emma Guipe, and three children, Russell M. Guipe, Wallace R. Guipe and John Guipe Jr., who were children of the said Henry L. Guipe and defendant Emma Guipe, and one child, Harry Guipe, who was the child of the said Henry L. Guipe by a former marriage, being the same person who is described in the codicil of the will of John Guipe, as the son of the said Henry L. Guipe by a former marriage, and to whom no benefit was to inure under the will of said John Guipe.

"(5)   That the said Flora B. McGowan died intestate September 8, 1928, leaving no child or surviving parent; that she left surviving her third husband, Kimmey Shanahan, one of the plaintiffs herein; that, at the time the will and codicil were executed and at the time of the probate thereof, her name was Flora B. McGowan.

"(6)   That the plaintiff Rachel A. Miller is still living.

"(7)   That the said testator John Guipe died the owner of the following real estate in fee simple, located in Elkhart County, Indiana: A part of lot number thirteen (13) as same is known and designated on the plat of the original Town of Elkhart, said part of said lot being more particularly described as follows, to-wit: Beginning at the southeast corner of said lot and running thence westwardly along the north line of what was formerly Pigeon street and is now West Lexington avenue, eighty (80) feet; thence northwardly parallel with Main street, twenty-one (21) feet; thence eastwardly, parallel with the north line of said Pigeon street, which is now West Lexington avenue, eighty (80) feet; thence southwardly, along Main street, twenty-one (21) feet to the place of beginning.   Which said real estate was referred to in item 6 of the will of said John Guipe as 'the store building located on the northwest corner of Main street and Lexington avenue, Elkhart,

Indiana, being a part of lot 13 in the original plat of the Town, now City, of Elkhart, Indiana.'

"Upon the foregoing finding of facts, the Court states its conclusions of law as follows:

"A. That the testator, John Guipe, left surviving him as his sole heirs at law the plaintiff, Rachel A. Miller; his daughter, Flora B. McGowan, and his son, Henry L. Guipe.

"B. That Kimmey Shanahan is the sole heir at law of Flora B. Shanahan, formerly Flora B. McGowan, daughter of testator.

"C. That the will of the said John Guipe does not dispose of the fee of the real estate described therein, and that he died intestate as to said fee.

"D. That during the lifetime of the said Rachel A. Miller one-third of the net income of said real estate belongs to and should be paid to plaintiff, Rachel A. Miller, and from the death of the said Henry L. Guipe, until the date of the death of the said Flora B. Shanahan, formerly Flora B. McGowan, one-third of the net income of said real estate belongs to Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr., in equal shares. That after the death of the said Flora B. Shanahan, formerly Flora B. McGowan, until the death of the said Rachel A. Miller, two-thirds of the net income of said real estate belongs to and should be paid to said Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr., children of the said Henry L. Guipe in equal shares.

"E. That at the death of the said John Guipe the fee simple in and to the real estate described in the foregoing findings vested in his three children, Rachel A. Miller, Flora B. McGowan and Henry L. Guipe, share and share alike, subject to the provision that the same be not sold during the lifetime of the said Rachel A. Miller.

"F. That at the date of the death of the said Henry

L. Guipe, the title to his undivided one-third of said real estate vested in his sole legatee and devisee, Emma Guipe.

"G. That at the death of the said Flora B. Shanahan, formerly Flora B. McGowan, the title to the undivided one-third of said real estate vested in her husband, Kimmey Shanahan, and that said real estate is now owned by plaintiffs, Rachel A. Miller, Kimmey Shanahan and defendant Emma Guipe in fee simple, share and share alike—all subject to the provision that the same be not sold during the lifetime of Rachel A. Miller.

"H. That plaintiffs Rachel A. Miller and Kimmey Shanahan are each entitled to have his and her title quieted as prayed, to the undivided one-third of said real estate and that the defendant Emma Guipe is entitled on her cross-complaint to have her title to the undivided one-third of said real estate quieted as against both plaintiffs—all subject, however, to the provision that said real estate be not sold during the lifetime of said Rachel A. Miller and subject to the payment of the net income of said real estate during the lifetime of the said Rachel A. Miller as hereinbefore found and concluded."

The judgment and decree of the court is as follows: "It is now, therefore, considered, adjudged and decreed by the Court that said real estate described in plaintiffs' complaint, and which is referred to in item number six (6) of said testator's last will and testament, shall not be sold during the lifetime of said Rachel A. Miller, and that, during her lifetime, one-third (1/3) of the net income therefrom belongs to and should be paid to her. That from June 9, 1926, the date of the death of Henry L. Guipe, and until September 8, 1928, the time of the death of Flora B. Shanahan, formerly Flora B. McGowan, one-third (1/3) of the net income

of said real estate belongs to and should be paid to Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr., in equal shares.

"That, subject to the net income from said real estate which is to be distributed as hereinabove decreed, it is further considered, adjudged and decreed by the Court that the plaintiff Kimmey Shanahan is the owner in fee simple of an undivided one-third (1/3) of the real estate described in plaintiffs' complaint herein, to-wit: (Here follows a description of the real estate described in finding No. 7.)

"And that the claim of defendants and each of them thereto is without right and wholly unfounded, and that said plaintiffs' said title thereto be and the same is hereby forever quieted as against each and all of said defendants.

"That, subject to the net income from said real estate, which is to be distributed as hereinabove decreed, it is further considered, adjudged and decreed by the Court that the plaintiff Rachel A. Miller is the owner in fee simple of an undivided one-third (1/3) of the real estate described in plaintiffs' complaint herein, and that the claim of defendants and each of them thereto is without right and wholly unfounded, and that said plaintiff's said title thereto be and the same is hereby forever quieted as against each and all of said defendants.

"That, subject to the net income from said real estate, which is to be distributed as hereinabove decreed, it is further considered, adjudged and decreed by the Court that the defendant Emma Guipe is the owner in fee simple of an undivided one-third (1/3) of the real estate described in plaintiffs' complaint herein and that the claim of plaintiffs and defendants Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr., and each of them thereto is without right and wholly unfounded, and that

said defendants' said title thereto be and the same is hereby forever quieted as against each and all of said plaintiffs, and said defendants Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr.

"It is further considered, adjudged and decreed by the Court that except as is hereinbefore decreed, none of said defendants, Russell M. Guipe, Wallace R. Guipe and John Guipe, Jr., have any right, title or interest in or to said real estate or in or to the use, benefit or income therefrom.

"That items numbered one (1), two (2), three (3), four (4) and five (5) of said will are valid and that thereunder Flora B. McGowan was entitled to receive out of decedent's estate one thousand ($1000.00) dollars in money or notes; that said Rachel A. Miller, Flora B. McGowan and Henry L. Guipe was entitled to receive equally, share and share alike, any other money said testator had on hand or in the bank at the time of his death; that said Henry L. Guipe was entitled to receive the wearing apparel, the book case and all books and contents, eight-day clock, marble-top stand, bed clothes, trunk, bed blankets, gold watch and foot rest with contents belonging to testator, and that said Rachel A. Miller is entitled to and should receive all the rest of testator's personal and household effects."

An examination of the will in the instant case discloses that the first five items thereof deal exclusively with the matter of the debts of the decedent and his personal property; that Item 6 of the will is the only item that in any manner specifically attempts to dispose of the real estate in question; that the codicil does not in any manner change the will in the respects just mentioned. When the facts are examined, it becomes apparent that none of the events happened that would have disposed of the fee to the real estate in question

as provided in Item 6 of the will. The decedent, then, died intestate as to said real estate, unless the entire will when construed justifies a different result.

The appellants rely upon the following rules for the construction of the will: When a testator makes a will, the presumption is that he intends to dispose of all of his property, unless that presumption be rebutted by the terms of the will itself, or other evidence to the contrary; that a testator will not be presumed to have intended partial intestacy unless the language of the will compels such construction. Of two modes of interpreting a will, that one is preferred that will prevent either a total or partial intestacy. Where no words of devise are contained in the will, then a life estate only is the rule, and the intention to pass a greater estate must affirmatively appear from the will. The object to be attained in construing a will is the intention of the testator. The entire will, and all of its provisions, must be considered in arriving at such intention. It should be construed as a whole, if possible, so as to prevent intestacy, and all of its provisions should be upheld, unless, by so doing, violence is done to the reasonable intention of the testator; and where that intention is clear, though some expressions are inaccurate and appear inconsistent, it is the duty of the court to subordinate the language to the plain purpose of the testator, as ascertained from the language of the will. A devise for life will be raised by implication where the context requires it, and the devise is not expressed in terms. The predominant idea of the testator, if apparent, must be heeded as against all doubtful and conflicting provisions. The manifest intention of the testator, and not any rules of construction, govern, when they come in conflict. No other rule of construction can defeat this intention expressed in the will, but all other rules and presumptions, however ancient, must

yield or bend to it, unless such would do violence to the rules of construction. The court may inquire into the situation and circumstances of the testator, of his family and of his property, his legatees, etc., for the purpose of aiding in the construction of a will.

We believe these rules of construction relied upon by the appellant are, in the main, well recognized, but we doubt their complete applicability in the instant case. The appellant also argues that, if the decedent died intestate as to this real estate, then a fee simple descended to the heirs and that a fee-simple title carries with it the power of disposition; that the power of alienation is one of the most valuable rights of ownership, and any attempt to cut off such right from a fee-simple title is unavailing; that an inalienable estate in fee is an impossibility, and that the power to dispose of realty is universally regarded as an inseparable incident of a fee.

Our statutes provide that: "The absolute power of aliening lands shall not be suspended by any limitation or condition whatever, contained in any grant, conveyance or devise, for a longer period than during the existence of a life or any number of lives in being at the creation of the estate conveyed, granted, devised and therein specified," etc. §13416 Burns 1926. We believe that there is nothing in the provisions of the will that violates the rules of law as to the alienation of real property and that the lower court was not in error in giving effect to the provisions of the will in question in that regard.

The appellees have pointed out that no real hardship is inflicted upon any one if the construction placed upon the will by the trial court prevails, for the reason that the decedent's three children are each under the law entitled to a one-third share in the real estate. We recognize the rule that, where there is uncertainty, the rules of construction are favored which

follow the rules of descent, and that children are not disinherited on a doubtful construction, and heirs are not disinherited by conjecture, but only by express words or necessary implication. *Oliphant* v. *Pumphrey* (1923), 193 Ind. 656, 141 N. E. 517; *Hancock, Trustee,* v. *Maynard* (1920), 72 Ind. App. 661, 126 N. E. 451; *Aspy* v. *Lewis* (1899), 152 Ind. 493, 53 N. E. 756; *Butler, Gdn.,* v. *Moore, Exr.* (1884), 94 Ind. 359.

In the instant case, after the will has been carefully searched, we conclude that the trial court is correct in finding that, as to the fee to the real estate in controversy, the decedent died intestate and that it descended under the law to his three children in equal parts, subject only to the provisions of the will as to the rents and profits and the restraint upon alienation during the life of his child Rachel A. Miller. We find no reversible error.

Judgment affirmed.