BILGER v. TRINITY EVANGELICAL AND REFORMED CHURCH OF INDIANAPOLIS.

[No. 19,950. Filed July 7, 1964. Rehearing denied August 11, 1964.]

*Gustav H. Dongus, Arthur H. Gemmer,* and *Fauvre, Dongus, Ging & Gemmer,* counsel, of Indianapolis, for appellant.

*Smith & Yarling, Robert S. Smith* and *Richard W. Yarling,* of Indianapolis for appellee, Trinity Evangelical and Reformed Church.

MOTE, J.—This appeal involves the interpretation of certain provisions of the will of Theodore J. Bilger, deceased, presented in the trial court by appellant's Petition to Determine Heirship and a subsequent "Motion to Find for Petitioner on Petition to Determine Heirship", which said motion was filed during the course of the trial.

The trial court found that said certain provisions of said will were ambiguous and permitted evidence to be introduced for the purpose of clarification of said alleged ambiguous provisions and to ascertain the intent of the testator as to said alleged ambiguities, after which judgment was entered in favor of appellee and against appellant. The only questions presented by this appeal are the correctness of the trial court's admission of evidence for clarification of the alleged ambiguity and the judgment itself.

The items of the will essential to the consideration of this case are as follow:

## "ITEM II
### BEQUEST TO WIFE

I hereby give, devise, and bequeath to my beloved wife, Laura A. Bilger, all of my estate, real, personal, and mixed, of every kind and nature and wherever the same may be found to be her property absolutely and in fee simple, if she shall survive me.

### ITEM III
### CONTINGENT BEQUEST IF WIFE NOT LIVING

In the event that my beloved wife, Laura A. Bilger, does not survive me, or in the event that we have died as the result of a common accident or disaster, I then give, devise, and bequeath to my sister, Elizabeth Bilger, R. R. #1, (Violet Hill), York, Pennsylvania, the sum of Five Hundred ($500.00) Dollars. However, in the event that Elizabeth Bilger does not survive me, then her specific bequest of Five Hundred ($500.00) Dollars, plus the residue of my estate, shall then go to the Trinity Evangelical and Reformed Church, Raymond Street, Indianapolis, Indiana."

A careful analysis of said Items II and III leads us to the inescapable conclusion that there is no ambiguity in their import, and that said provisions are clear and certain, thus prohibiting an interpretation thereof through the introduction of extrinsic evidence as to the testator's intent, and in this respect it is our opinion that the trial court committed reversible error. In the case of *Brown* v. *The Union Trust Company of Greensburg, Executor, et al.* (1951), 229 Ind. 404, 98 N. E. 2d 901, the following is stated:

"If the words used in a will are not ambiguous and clearly express the intention of the testator, they must govern. That which is plain and manifest needs no interpretation. ..."

Also, in the case of *Ross et al.* v. *Clore et al.* (1948), 225 Ind. 597, 76 N. E. 2d 839, the following statement is found:

> ". . . There is no need for rules of construction when a will is not uncertain or ambiguous. . . ."

In a case cited by Appellant, *Wallace* v. *Cutsinger et al.*, (1917), 66 Ind. App. 185, 115 N. E. 789, the following is stated:

> ". . . If we find the language used in the will free from doubt, then we need go no further, as it will need no construction. In that event it will only remain for the court to give effect to the intention of the testator thus expressed. . . .
>
> . . .
>
> . . . It is free from ambiguity, and therefore we are bound by the intention thus expressed, without resort to rules of construction to determine its meaning."

It is obvious by the express words of said items that the disposition of the residue is conditional in both instances, and as said conditions do not occur, the conditional disposition of the residue may not take effect. The record reveals that the testator's wife predeceased him, thus making Item II inoperative. The record further reveals that testator's sister, Elizabeth Bilger, R. R. #1 (Violet Hill), York, Pennsylvania, appellant herein, survived the testator, thus entitling her to the special bequest of Five Hundred ($500.00) Dollars, and as the sole and only heir of said decedent, she is entitled to the residue under the statutes of descent in Indiana. §6-204, Burns' 1953 Replacement, [Acts 1953, ch. 112, §204, p. 295], states:

> "If part but not all of the estate of a decedent is validly disposed of by will, the part not dis-

posed of by will shall be distributed as provided herein for intestate estates."

In the case of *Guipe et al.* v. *Miller et al.* (1932), 94 Ind. App. 314, 180 N. E. 760, it is stated:

". . . When the facts are examined, it becomes apparent that none of the events happened that would have disposed of the fee to the real estate in question as provided in Item 6 of the will. The decedent, then, died intestate as to said real estate, . . ."

Appellee herein, Trinity Evangelical and Reformed Church of Indianapolis, Indiana, is not entitled to the residue under the provisions of Item III, above set forth, because of the failure of the condition, to-wit: the death of said Elizabeth Bilger prior to the testator's death; hence, appellee is not a legatee.

Judgment reversed and cause remanded for further proceedings in accord with this opinion.

Hunter, C. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 855.