IN RE ESTATE OF SALTZMAN AND IN RE PARTNERSHIP OF
SALTZMAN *v.* SALTZMAN.

[No. 369A45. Filed October 20, 1969. Rehearing denied
November 25, 1969.]

Douglas B. McFadden, of Indianapolis, and Francis E. Knowles, of Mount Vernon, for appellants.

Clements, McClellan & Hawley and K. Richard Hawley, and Henry C. Hudson, of Mount Vernon, for appellee.

LOWDERMILK, P.J.—James A. Saltzman and his brother, Paul Saltzman, were each residents of Posey County, Indiana, and for a number of years had farmed a very large acreage in Posey County under the partnership name of "Saltzman Farms," and which farms had adequate machinery in good repair for its operation. In other words, their operation was large, as farm operations go.

On the 17th day of March, 1958, James A. Saltzman and Paul Saltzman met in an attorney's office in Mount Vernon, Indiana, and drafted identical wills, each making the other the beneficiary of all the property each owned in the Saltzman Farms partnership, to be the legatee's absolute property. Each partner named the other Executor of the respective wills. There was no residuary clause in either of the wills.

James A. Saltzman died September 19, 1967, and his Last Will and Testament was duly probated on September 26, 1967, and Paul Saltzman duly appointed Executor thereof.

Under the terms of the will Paul Saltzman continued the partnership for the remainder of the year 1967, harvesting the crops and at the close of that year he declined to farm the real estate belonging to his deceased brother and continued to

farm his own real estate, using the machinery he believed to be his absolutely under the will.

The decedent left surviving him Iona Saltzman and Sheila McKinney, his widow and daughter.

Disagreement grew and a number of petitions were filed, to-wit: petition of Iona Saltzman to remove personal representative of the estate of James A. Saltzman, deceased; objections to the inventory of the surviving partner in the surviving partnership of Saltzman Farms; objections to the current report of the surviving partner in the surviving partnership of Saltzman Farms; petition of personal representative of the estate of James A. Saltzman to make partial distribution of personal property, filed March 15, 1968; also, the objections of Iona Saltzman to petition to make partial distribution; petition of Iona Saltzman for the construction of the will of James A. Saltzman, filed May 23, 1968, in the estate of James A. Saltzman.

A motion to consolidate included the petition to construe the will and the petition for partial distribution. The court, on its own motion and by agreement of the parties, ordered consolidation for hearing of the pleadings filed under the surviving partnership and the estate.

Hearing was had on all of said petitions and the court entered its finding and judgment, as follows:

"The Court having heard the evidence on July 30 and 31 and having seen and examined the briefs submitted and the court having taken under advisement the following:

"1. Petition of Iona Saltzman to remove personal representative of the Estate of James A. Saltzman, deceased.

"2. The Objections to the Inventory of the surviving partner in the surviving partnership of Saltzman Farms.

"3. The Objections to the Current Report of the surviving partnership.

"4. Petition of Personal Representative of the Estate of James A. Saltzman to make partial distribution of personal property filed March 15, 1968, also the Objections of Iona Saltzman of Petition to make Partial Distribution.

"5. The Petition of Iona Saltzman for the Construction of the Will of James A. Saltzman filed May 23, 1968 in the Estate of James A. Saltzman.

"By agreement of the parties the above were consolidated for hearing and trial and the Court having heard the evidence and being sufficiently advised in the premises now finds:

"1. That the Petition for Removal of Paul Saltzman as Personal Representative of the Estate of James A. Saltzman, deceased, should be overruled and denied.

"2. That the objection to the Inventory of surviving partnership, Rhetorical Paragraph 1 is sustained as to the Chevrolet pick-up truck described as a 1967 Chev. Pick-Up Truck—#CE147F 122 585; cattle chute; and Old John Deere A Tractor which the court finds to be the property of the estate of James A. Saltzman.

"The Court further finds that Rhetorical Paragraph 2 of objection should be sustained and the Inventory of surviving partnership be amended by reference to include the items set out in Rhetorical Paragraph 2 which the court finds are a part of the assets of the partnership of Saltzman Farms.

"3. The Court further finds that Rhetorical Paragraph 1 of the objections of Iona Saltzman to Current Report of surviving partner should be overruled. That Rhetorical Paragraph 2 of objections to current report of surviving partner should be sustained and the surviving partner should pay Iona Saltzman the sum of $94.02 for funds and expenses advanced by her for the benefit of the partnership. The Court further finds that Rhetorical Paragraph 3 of objections to Current Report of surviving partner should be overruled. The Court further finds that in all other respects said current report should be approved and finds that said surviving partner should continue to wind up affairs as rapidly as possible and report to the Court.

"4. The Court further finds that the petition to make partial distribution filed March 15, 1968 of all farm machinery, trucks, tractors, and miscellaneous tools which were assets of the Saltzman Farms Partnership as found herein, be approved, and Paul Saltzman as Executor be authorized to make said distribution to Paul Saltzman. The Court further finds that the 1967 Chevrolet Pick-up Truck—#CE147F 122 585 should be set off to Sheila L. McKinney as a part of her distributive share at a value of $1,500.00 and that Executor be authorized to sign the necessary papers to

make the transfers and said distribution be made without the necessity of giving bond for said distribution.

"5. The Court having heard evidence on Petition to Construe the Will heretofore filed by Iona Saltzman, now finds that there is no ambiguity in said Will. The Court finds that all of the partnership property of the partnership known as 'Saltzman Farms' passed to Paul Saltzman under Item II of decedent's Will, without condition and not under Item III.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Petition to remove Paul Saltzman as Personal Representative of the Estate of James A. Saltzman, is hereby denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Rhetorical Paragraph 1 of objection to the inventory of surviving partner of 'Saltzman Farms' is sustained, and the Chevrolet pick-up truck #CE147F 122 585, cattle chute, and Old John Deere A. tractor are property of the Estate of James A. Saltzman. That Rhetorical Paragraph 2 of objections be, and is hereby sustained and it is ordered that Surviving Partner's Inventory be amended by reference to include the items set out in Rhetorical Paragraph 2 which the Court orders are a part of the assets of the partnership of 'Saltzman Farms.'

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Rhetorical Paragraph I of objection of Iona Saltzman to the Current Report of Surviving Partner is now overruled. It is further ordered that Rhetorical Paragraph 2 of objection to current report of surviving partner be, and is hereby sustained, and the surviving partner is ordered to pay to Iona Saltzman the sum of $94.02. The Court further orders that Rhetorical Paragraph 3 be, and is hereby overruled. The Court further orders that in all other respects said Current Report is hereby approved and directs said surviving partner to continue to wind up the affairs of said 'Saltzman Farms' partnership as rapidly as possible.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petition to Make Partial Distribution, filed March 15, 1968, of all farm machinery, trucks, tractors and miscellaneous tools, which were assets of 'Saltzman Farms' partnership as found herein be approved, and Paul Saltzman, as Executor is directed to make distribution to Paul Saltzman. The Court further orders that the 1967 Chevrolet Pick-up truck #CE147F 122 585 be set off to Sheila L. McKinney as a part of her distributive share at a value of

$1,500.00 and that the Executor be and hereby is authorized and directed to execute the necessary papers to make the transfers; and said distribution is ordered made without the necessity of giving bond for said distribution.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that there is no ambiguity in the Last Will and Testament of James A. Saltzman, deceased. The Court further finds that all of the partnership property of the partnership known as 'Saltzman Farms' passed to Paul A. Saltzman under Item II of decedent's Will, without condition and not under Item III.

"Dated this 19th day of September, 1968."

Thereafter, Iona Saltzman filed her motion for new trial, setting forth the usual statutory grounds for a new trial.

The assignment of errors was that the court erred in overruling appellants' motion for a new trial.

The will of James A. Saltzman, deceased, omitting the formal parts, reads as follows:

"I, James A. Saltzman, of Posey County, Indiana, being of sound mind and disposing memory, do hereby make, publish and declare this to be my last WILL AND TESTAMENT, hereby revoking all former wills by me made.

## "ITEM I.

"I direct that my executor, hereinafter named, first pay all of my just and lawful debts and expenses, as soon after my demise as is practicable.

## "ITEM II.

"I give and bequeath any interest which I may own at the time of my death in a partnership known as 'SALTZMAN FARMS' to my beloved brother, Paul Saltzman, to be his absolute property. It is not my intention to devise any real estate which I own at the time of my death by this item, as there is no real estate in said partnership.

## "ITEM III.

"All the rest and residue of my property, I give, devise and bequeath to my beloved wife and daughter, pursuant to the laws of the State of Indiana.

## "ITEM IV.

"I hereby constitute and appoint my brother, Paul Saltzman, as executor of this my last WILL AND TESTAMENT, and request that he be allowed to serve without bond. In the event my brother, Paul Saltzman, is not living at the time of my death, then I nominate and appoint New Harmony National Bank as executor of my last Will and Testament.

"IN TESTIMONY WHEREOF, I have hereunto set my hand this 17th day of March, 1958.

"/s/ James A. Saltzman
"James A. Saltzman—Testator"

In examining the record now before us, we determine that the court was justified in finding that there was no ambiguity in the will; that all the partnership property in the partnership known as "Saltzman Farms" passed to Paul Saltzman under Item II of the decedent's will without condition and not under Item III.

A careful analysis of Items II and III of said will leads us to the inescapable opinion that there is no ambiguity in their import, and that said provisions are clear and certain, thus prohibiting an interpretation thereof through the introduction of extrinsic evidence as to the intent of the testator and that all of the personal property owned by the decedent, James Saltzman, in the partnership known as "Saltzman Farms" passed under the terms of said will to the surviving partner, Paul Saltzman, as his sole and absolute property.

The case of *Brown* v. *Union Trust Co.* (1951), 229 Ind. 404, 98 N. E. 2d 901, stated the following:

"If the words used in a will are not ambiguous and clearly express the intention of the testator, they must govern. That which is plain and manifest needs no interpretation." *Bilger* v. *Trinity Evangelical & Reformed Church* (1964), 136 Ind. App. 320, 199 N. E. 2d 855; *Fischer* v. *Kaylor* (1969), 145 Ind. App. 148, 250 N. E. 2d 19, 18 Ind. Dec. 238.

Appellants contend that the court erred in sustaining the objection of counsel for appellee to certain questions propounded by counsel for Iona Saltzman to a witness, Gary Adams, which question reads as follows:

"Q. Did Jim Saltzman ever have occasion, Gary, to discuss with you what would happen to the farming operation if he died?"

This will, being unambiguous and needing no interpretation, the court committed no error in sustaining the objection to the question. There were also other questions and objections which are complained of which we feel it is not necessary to set out. The court did, in fact, commit error in permitting any evidence to be introduced in the construction of said will of James Saltzman. However, we believe that any error committed by the court on the admission of evidence to construe the will was harmless for the reason that the will was not ambiguous and clearly expressed the intent of the testator and must govern, and the court, although having admitted some evidence as to the intent of the testator, found and adjudged that there was no ambiguity in the will and that all the partnership property of the partnership known as "Saltzman Farms" passed to Paul A. Saltzman under Item II of decedent's will without condition, and not under Item III. For us to reverse and remand this cause because of the admission of extrinsic evidence to construe the will would be to require the doing of a useless thing in that the trial court, after rehearing the case would necessarily come to the same result, said will being unambiguous and needing no construction.

Judge Sharp, in the case of *Fischer* v. *Kaylor, supra,* cites the case of *Bilger* v. *Trinity Evangelical & Reformed Church, supra,* in which the court made the following statement:

" 'A careful analysis of said Items II and III leads us to the inescapable conclusion that there is no ambiguity in their import, and that said provisions are clear and certain, thus prohibiting an interpretation thereof through the in-

troduction of extrinsic evidence as to the testator's intent, and in this respect it is our opinion that the trial court committed reversible error. In the case of *Brown* v. *The Union Trust Company of Greensburg, Executor, et al.* (1951), 229 Ind. 404, 98 N. E. 2d 901, the following is stated:

> " 'If the words used in a will are not ambiguous and clearly express the intention of the testator, they must govern. That which is plain and manifest needs no interpretation . . .'

> " 'Also, in the case of *Ross* v. *Clore* (1948), 225 Ind. 597, 76 N. E. 2d 839, the following statement is found:

> " '. . . There is no need for rules of construction when a will is not uncertain or ambiguous. . . .' "

and the court further said:

> "Also, it is significant in the *Bilger* case that this court reversed the trial court for permitting the admission of extrinsic evidence in regard to the intent of the testator once a preliminary determination had been made that the will in question was not ambiguous."

Appellants further contend that the court erred in overruling the petition for removal of the personal representative for the reasons that a final accounting had not been rendered in the estate of the Saltzman Farms partnership and that Paul Saltzman is not entitled to distribution of the property set forth in the petition for authority to make partial distribution.

Burns' Ind. Stat., § 7-406, sets forth when a personal representative may be removed and reads, in part, as follows:

> "When the personal representative becomes mentally incompetent, disqualified, unstable, or incapable of discharging his duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, * * * the court may remove him as hereinafter provided: (a) * * * (b) * * *"

The verified petition reads as follows:

> "The undersigned, pursuant to Burns Ind. Stat. Ann. § 7-406, respectfully shows to the Court that on the 26th

day of September, 1967, Paul Saltzman was duly appointed and qualified as Executor of the estate of said James A. Saltzman, deceased, and is still acting as such Executor under the grant of letters issued out of this Court; that your petitioner is interested in the estate by reason of being spouse of the deceased and entitled to a distributive share of his estate, and she avers and charges that said Paul Saltzman should be removed as such Executor and his said letters testamentary revoked and superseded, for the causes and reasons following:

"1. That he has mismanaged the estate in the following respect: trading, selling, disposing of and otherwise dealing with certain personal property of the estate without obtaining permission of this Court.

"2. That he has failed to perform the following duty imposed by law: By not filing an inventory on winding-up the Saltzman Farm partnership; nor has he rendered the estate an accounting upon winding-up the Saltzman Farm partnership.

"WHEREFORE, your petitioner prays the Court for the removal of the Executor, the revocation of his letters and the appointment of some suitable person in his stead to administer the estate."

Appellants charge that nearly nine months after the appointment of the executor the petition to remove was filed and he had ample time to do all the necessary and legal acts in the performance of his duties and that he mismanaged the estate and failed to do his duty.

The charges of mismanagement of the estate are the trading and comingling of the estate property without court order, and which comingling he admitted. A further charge is that the personal property of the estate was one-half of the farm machinery of Saltzman Farms partnership; that there was no accounting on behalf of the partnership to the estate or a court order first obtained for the sale or trading of machinery. A further charge is that Paul Saltzman paid for repair work on equipment during the winter months of the Saltzman Farms accounting.

Appellants' complaint that this equipment was traded without a court order has no merit as to them, as they were di-

vested by the will of all interest in the same. Although we do not condone the practice of a fiduciary selling or trading property without first obtaining an order of the court we must find herein that there is no evidence of bad faith and we will not disturb the trade.

It is true that the personal property of the estate should be duly inventoried, in writing, and that before a sale can be had an order should be secured. With the press of business on a circuit court it is next to impossible for the judge thereof to promptly determine whether inventories have been filed within the time due in estates, trusts and surviving partnerships. This, however, does not excuse lawyers from complying with the law and getting inventories and reports in probate matters to the court in the time required by statute.

The will having vested all the partnership property in Paul Saltzman, the petitioner cannot be heard to complain in the estate that the partnership was not inventoried and appraised within the statutory time. There is no evidence that any of the property, either in the estate or in the partnership, was misplaced or not accounted for. In fact, on the contrary, the evidence is that all partnership property was accounted for and that there were certain items determined by the court to be the property of Sheila McKinney, daughter and heir of James Saltzman, deceased, and were set over to her, and that a cash item was ordered paid to the widow and heir of the said James Saltzman, deceased, and certain items were ordered set over to the estate.

The appellant relies heavily on the case of *Helm* v. *Odle Admrx. etc.* (1959), 129 Ind. App. 478, 157 N. E. 2d 584, in which case the trial court refused to remove an administrator and which was reversed by this court. The court, speaking in that case, says:

> "The law is well settled that a court of probate jurisdiction has great latitude and wide discretion in matters concerning the appointments and the removal of administrators and administratrices, and this court will not attempt to con-

trol or interfere with the Probate Courts' action therein, except in a case where it is clear that its discretion has been abused. [citing cases.] In discussing Probate Courts' discretion, this court stated in the case of *Haughey* v. *Haughey, supra,* at p. 320:

> " 'However, it is the duty of judges exercising probate jurisdiction to evince vigorous and aggressive honesty in dealing with guardians, administrators, and other trustees, to the end that the trusts reposed in them shall be executed with scrupulous integrity and that complete confidence may prevail. If that duty is faithfully discharged, no one interested in this estate will ultimately have any reason to complain of the appointment made.'

"We reiterate the foregoing principle of law."

As was said in the *Helm* case, *supra,* we are compelled to review the evidence under the principles of law heretofore stated, keeping in mind the burden of proof is on the petitioner below and we can consider only the evidence most favorable to appellee.

In the case of *Von Der Lieth* v. *Young* (1966), 139 Ind. App. 525, 212 N. E. 2d 404, the court said:

> "* * * it is the trial court who sits in judgment during the course of the trial, hearing the testimony of witnesses, noting their interests, their responses, and in a charged atmosphere of the court room determining which testimony to believe or disbelieve when the same is in conflict, and thence arriving at a finding which the court deems fitting and proper to the end that justice may prevail."

Having considered the evidence, keeping in mind the burden of proof is on the petitioner and that we favor only the evidence most favorable to the appellee, we must necessarily find that there was no abuse of discretion and the court committed no error in its ruling.

Appellants, to sustain their contention that Paul Saltzman had conflicting interests which prevented him from performing his duties as executor herein, cite *Putney* v. *Fletcher* (1889), 148 Mass. 247, 19 N. E. 370 as follows:

"An executor or administrator is deemed unsuitable when he has a conflicting personal interest which prevents him from doing his official duty."

Certainly, Paul Saltzman had no conflicting interest in the estate of which he was executor. His only personal interest was in the management and carrying forward of the surviving partnership.

The evidence is very clear and strong that Paul Saltzman dealt in good faith with the estate, as the will gave him absolutely all the property belonging to James Saltzman in the partnership, which included growing crops.

In *Kluse et al.* v. *Sparks* (1894), 10 Ind. App. 444, there was a question as to whether growing crops were personalty or a portion of the real estate. In this case the court said:

"Such crops, raised annually by labor, may be sold before they are matured and severed from the soil, by parol, the same as personal property, and no written memorandum is required to make such sale a valid one. They are also regarded as being in the nature of personal property by the statute, which provides that all the emblements and annual crops shall go to the executor or administrator at the death of the owner of the soil, to be inventoried and sold, even though such death occur before the maturity and severance of the crops. R.S. 1894, sections 2415, 2435."

In the case of *Matlock* v. *Fry* (1860), 15 Ind. 483, the court held:

"It is held in 1 Ind. 114, that 'growing crops, raised annually by labor, are the subject of sale as personal property.' 4 *id.* 148. So, in 6 *id.* 75, 'growing corn can be as readily delivered as any other article of commerce.'"

Burns' Ind. Stat., § 7-601 Inventory and appraisement.—
"(a) Within two [2] months after his appointment, unless a longer time shall be granted by the court, every personal representative shall make and return a verified inventory and appraisement in one [1] written instrument, of all the property of the decedent which shall come to his possession or knowledge, including a statement of all known encumbrances, liens and other charges on any item. Such property shall be classified therein as follows:

"(1)  * * *
"(2)  * * *
"(3)  Emblements and annual crops raised by labor;
"(4)  * * *" *et seq.*

Paul Saltzman had the legal right under the will to claim all the growing crops and harvest them as his own property, which he did not do. On the contrary, he harvested the growing crops with machinery which had been given him under the will and gave to the estate one-half of said growing crops.

The surviving partner had the right, pursuant to Burns' Ind. Stat. § 7-711 to carry on the partnership business.

Appellants further complain of the granting of the petition to make partial distribution and to the overruling of objections thereto, which objections set forth that a final accounting had not been rendered the estate by the Saltzman Farms partnership and that Paul Saltzman is not entitled to distribution of the property set forth in the petition for authority to make partial distribution.

Burns' Ind. Stat. § 7-1101 gives the trial court power to decree a partial distribution, which partial distribution is as conclusive as the final distribution. The petition was necessarily filed by Paul Saltzman as executor and requested that the partnership property be set over to him individually. The same was done, except a pick-up truck which was set off to Sheila McKinney, daughter of the decedent, and decreed to be her property by the court. When the partnership inventory and current account was filed by him it was delinquent and not filed within the statutory time. The record indicates, however, no prejudice arising thereby. Burns' Ind. Stat., § 7-601 requires inventories to be filed within two months after the appointment unless a longer time shall be granted by the court. As heretofore stated in this opinion, the will needed no construction and vested title to all the interest of James Saltzman in the partnership property in Paul Saltzman.

The heirs of James Saltzman cannot be heard to complain as to partnership property as they had no interest in the partnership assets. James Saltzman's interest in that partnership could only be divested from Paul Saltzman for debts and equitable liens of the James Saltzman estate and of the surviving partnership. The current report showed Paul Saltzman's interest in the partnership at $39,718.52 and the interest of the estate in the amount of $39,718.52, which foregoes the possibility of the necessity of sale thereof to meet debts of the decedent or taxes. James Saltzman also owned about 600 acres of land, but this court has no knowledge of the manner of ownership, incumbrances, if any, against it, and whether or not it might be liable for debts and liabilities of the decedent.

Appellants next contend there is error in overruling objections to the inventory of the surviving partner. The court determined that certain items of property listed in the inventory were the property of the estate of James A. Saltzman. The court further ordered the surviving partner's inventory be amended to include certain items which the court found and ordered to be a part of the assets of the partnership of Saltzman Farms. The court heard the evidence and had the opportunity to see the witnesses and determine their credibility and found there was an error and certain items did belong to the estate and certain items to the partnership. Again, appellants cannot be heard to complain about any property which belongs to the partnership for the reason that the same all vested in Paul Saltzman as the surviving partner under the terms of the will. We find no error nor any abuse of discretion on the part of the court in its ruling.

The appellants contend there is error in overruling objections to the current report, and especially attacked the payment of $5,000 to John Saltzman, son of Paul Saltzman, for labor. Appellants cannot be heard to complain of any disbursements made by Paul Saltzman, as it was his personal property which he expended. While it is true the distribution by Paul Saltzman of partnership assets to the estate was reduced by

the payment of $5,000 to John Saltzman, the payment was out of funds which Paul Saltzman could have claimed as his sole property under the will and appellants cannot be heard to complain.

This court is of the opinion that although Paul Saltzman did not file his inventory and appraisement in the estate and the inventory and appraisement of the surviving partnership within the time provided by statute, that no harm befell the estate or the surviving partnership and that both inventories were filed and the court given complete knowledge of the assets in each trust, although there were errors which the court later determined and corrected. Paul Saltzman acted in good faith and with scrupulous integrity. The growing corn, which was personal property and which Paul Saltzman could have claimed under the will as belonging to the surviving partnership, he did not claim. The moneys due from the Continental Grain Company from the sale of corn, and the cash on hand in the partnership at the time of the death of James Saltzman was all accounted for and one-half of all paid to the estate. He paid from his own funds the difference due when he traded equipment bequeathed to him by the will.

The record in this case shows that Paul Saltzman extended every effort to be honest with the estate of his late brother, who had explicit confidence in him, and, in fact, paid the estate for personal property which had been bequeathed to him.

We therefore find that there is no reversible error in the record.

Judgment affirmed.

Costs versus appellants.

Carson, Cooper and Sullivan, JJ., concur.

Note.—Reported in 251 N. E. 2d 595.