**WALKER et al. v. GENERAL MOTORS CORP.**
**Civ. A. No. 3867.**

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 30, 1953.

Cook, Clark & Egan, Shreveport, La., for plaintiffs.

Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for defendant.

BENJAMIN C. DAWKINS, Jr., District Judge.

This is a damage suit against the manufacturer of a certain 1952 Chevrolet automobile on account of personal injuries, medical expenses, etc., said to have been sustained in an accident that happened in Shreveport, Louisiana, on January 29, 1952. Plaintiffs contend that due to various mechanical defects in the car, caused by faulty manufacture or permitted by inadequate inspection, it went out of control and was wrecked, causing the damages they claim.

Plaintiffs are Mrs. Mai Gladys Walker, who was driving the car alone at the time of the accident, and her husband, M. J. Walker. She sues for her injuries and he claims, on behalf of the community, medical and other expenses incurred or expected as the result of her injuries.

Mr. Walker is an employee of T. J. Moss Tie Company, which had bought

the car new from one of defendant's local retail dealers, Red River Motor Company, just three days earlier, on January 26, 1952. When the accident happened, the car had been driven only 166 miles. It was being operated by Mrs. Walker with her husband's, and his employer's, permission.

Defendant has moved to dismiss the complaint as failing to state a claim upon which relief can be granted, upon the particular ground that no privity of contract existed between plaintiffs and defendant; and, therefore, that defendant is not liable to them, either under its manufacturer's warranty or otherwise.

Many years ago, under Anglo-American jurisprudence as it then stood, defendant's position would have been well founded. However, beginning with MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, most of our American courts gradually have abandoned or abolished the requirement of privity between the injured party and the manufacturer of the offending product in cases of this kind. A comprehensive history of the more recent decisions on the subject is found in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910. The late Judge Porterie of this court, in Laclede Steel Co. v. Silas Mason Co., 67 F.Supp. 751, underlined the nationwide trend away from the privity requirement, and pointed to Article 2315 of the LSA–Civil Code [1] as an independent legal basis for recovery against the manufacturer by persons damaged through its defective products.

■ We find at 65 C.J.S., Negligence, § 100, page 629, the following statement of law, which we adopt as applicable here:

"As a general rule a manufacturer is under a duty to make an article carefully where its nature is such that it is reasonably certain to place life and limb in peril when negligently made, and he is liable to a third person for an injury resulting from a failure to perform this duty.

"The duty of the maker or vendor of an article harmless in kind, but dangerous through defect, has been said to be in general a negative duty, that is, not knowingly so to dispose of the article that it may become a trap to the innocent; and it has also been said that the manufacturer of such an article is under no general or public duty to exercise care in its manufacture for the safety of persons with whom he has no privity of contract. As a general rule, however, the manufacturer is under a duty to make the article carefully where its nature is such that it is reasonably certain to place life and limb in peril when negligently made, if put to the use for which it is designed and intended or to a use which can reasonably be anticipated, and there is knowledge that the article will be used, without new tests, *by persons other than the purchaser; and he is liable for an injury to a third person resulting from a failure to perform this duty,* if such injuries could reasonably be anticipated, *although there is no contract or privity between the parties.* The fact that the article is not inherently dangerous if properly made is immaterial. The failure of the purchaser to make tests of the article does not absolve the manufacturer from liability to third persons."* (Emphasis supplied.)

■ On the strength of these authorities, we are compelled to deny defendant's motion. This is not to say, however, that plaintiffs do not bear the burden of proving it was defendant's negligence which caused the accident. That plaintiffs must do if they are to prevail.

For the reasons stated, the motion to dismiss must be, and is hereby, overruled.

---

1. "Every act whatever of man which causes damage to another, obliges him by whose fault it happened to repair it".