Minnie C. EIN as the Executrix of the Estate of Sam Ein, and Minnie Ein, and Mary Block and Howard Theodore Block

v.

GOODYEAR TIRE AND RUBBER COMPANY, an Ohio Corporation.

Civ. No. 2450.

United States District Court
N. D. Indiana,
Hammond Division.

May 19, 1959.

Sachs, Ruman & Tanasijevich, Hammond, Ind., for plaintiff.

Albert Gavit, Gary, Ind., for defendant.

SWYGERT, Chief Judge.

It is alleged in the complaint that the decedent Sam Ein purchased a new Ford automobile in January, 1956, which was equipped with four tubeless type tires, manufactured by defendant; that subsequently the rear left tire was bruised which bruise caused a blowout on August 10, 1957, while the automobile was in motion on a public highway; and, that as a result of the blowout, the car overturned after Minnie C. Ein, the wife of Sam Ein, lost control of it. Damages are asked for the wrongful death of Sam Ein and also for the physical injuries suffered by the other passengers, Minnie C. Ein, Howard T. Block, and Mary Block.

The complaint is in two paragraphs, each paragraph embracing a separate theory of recovery. In the first paragraph of the complaint plaintiffs allege that defendant was negligent in failing to warn them that tubeless tires, when bruised, are more susceptible to blowouts than are tube type tires. The second paragraph is based on an alleged breach of "written and implied warranties" by the defendant. There is no allegation as to what constituted the warranties. With regard to the charge of negligence, plaintiffs' counsel stated at the argument on the motion to dismiss that they do not claim the tire in question was defective or was negligently made.

■■ Generally the law is that *only* if an automobile's construction is defective is it considered inherently dangerous to human safety, thereby rendering a manufacturer liable to an owner or passenger for injuries caused by such defective construction. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696; Walker v. General Motors Corp., D.C.La.1953, 115 F. Supp. 267. There is no liability on the manufacturer simply because an automobile may become an instrumentality by which an injury is inflicted. In other words, the manufacturer is not an insurer. It follows naturally that he has no duty to warn that an automobile may become such an instrumentality. It also follows that, if there is a limitation on the liability of a manufacturer of an automobile, a similar limitation applies to a manufacturer of one of its component parts.

■ What plaintiffs seem to claim is that since they allege that a tubeless tire is more susceptible to blowouts following a bruise than are tires with tubes, and since it is also alleged that the defendant was more aware of this fact than the public generally, it was defendant's duty to warn buyers and others about this feature of tubeless tires.

The sale of the car to Sam Ein took place in Illinois; accordingly, the law of that state governs. There appears to be no decision by an Illinois court holding that there is a duty to warn upon a manufacturer such as plaintiffs contend in this case. Furthermore, no holding has been found in any other jurisdiction broadening to that extent the liability of a manufacturer.

It is the law in many states that a manufacturer or supplier may be liable to third persons, independent of contract, where an unsafe or harmful article (even to only a small segment of users) is put upon the market and where the manufacturer or supplier fails to give proper notice of the dangerous qualities of the article. See 86 A.L.R. 947. But here there is no claim that automobile tires of whatever type are inherently dangerous. As heretofore indicated, were this the claim, it could be sustained only if the tire were alleged to be of defective construction.

While there may be a difference in the wearing qualities between two types of tires, such as claimed in this case, a manufacturer has no duty, in my opinion, to call the difference to the attention of the buyer or the public generally. In other words, the manufacturer need not anticipate or foresee that his customers will erroneously assume that the two types of tires are of the same quality. It must be concluded that liability cannot be predicated upon plaintiffs' theory of negligence.

■ The foregoing discussion applies equally to the alleged breach of an im-

plied warranty that the tires in question were fit for their intended use. It does not apply to any express or written warranty. If a manufacturer expressly warrants that tubeless tires are as safe as tube type tires and that representation is proved false, the manufacturer may be liable for a breach of warranty. Such is the holding in Senter v. B. F. Goodrich Co., D.C.Colo.1954, 127 F.Supp. 705.

In the first paragraph of complaint plaintiffs allege that defendant "did not publish or publicize any different characteristics between the said tubeless tire and the Goodyear tire and tube which had been on the market prior to the tubeless tire." This allegation is carried into the second paragraph of complaint by reference and would appear to be completely inconsistent with plaintiffs' additional allegation in this paragraph that "defendants (sic) breached their written * * * promises and warranties concerning the manufacturer and sale of said tubeless tire for use on the wheels of motor vehicles." In the light of this inconsistency and due to the fact that the alleged written promises and warranties are not set out in the complaint, I do not think either paragraph of complaint states a claim upon which relief can be granted. However, the order of dismissal shall provide that plaintiffs will be permitted to amend their complaint within a limited period of time.