James MARKWELL, Plaintiff-Appellant,

v.

GENERAL TIRE AND RUBBER COMPANY, Defendant-Appellee.

No. 15591.

United States Court of Appeals Seventh Circuit.

Sept. 29, 1966.

---

John D. Clouse, Evansville, Ind., for appellant.

Fred P. Bamberger, Evansville, Ind., Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

This diversity action is brought to recover damages for injuries suffered by the plaintiff in an automobile accident. The plaintiff asserts that the accident was caused by a defective front left tire manufactured by defendant. Count I is based on a breach of express warranty, Count II is based upon a breach of implied warranties, and the final Count attempts to impose "strict liability" upon defendant for manufacturing and selling an assertedly defective tire.

In June 1964, plaintiff was driving his Mercury sedan in Kentucky when it overturned, injuring him. According to the complaint, the accident was caused because the left front tire had collapsed, but without any blowout. Plaintiff had purchased the automobile bearing defendant's tires in Indiana and claims to have relied on defendant's somewhat exuberant advertisements (termed warranties by plaintiff) that these were 40,000 mile tires, that no others would give better or safer mileage, and that they would afford superb blowout protection.

In November 1964, plaintiff's pre-trial deposition was taken. During the deposition, he testified that the tire "won't hold air."

Thereafter the defendant filed a motion for summary judgment on the ground that the pleadings, the plaintiff's deposition, and the defendant's supporting affidavits established that there was no genuine issue as to any material fact, and that defendant was entitled to a judgment as a matter of law. In support of its motion for summary judgment, defendant introduced the affidavits of three expert witnesses, stating that they had inflated the tire in question at pressures ranging from 30 to 40 pounds and that there was no air loss within 16 to 24 hours. One of the affiants stated that there was no evidence of any defect, the second stated that no damage could be found which could cause loss of air and that the tire was still perfectly capable of rendering service. The third expert stated that he found no leaks in the tire after immersing it in a water tank, that it evinced no possibility of a sudden loss of air pressure in normal service, and that there were no slow leaks in the tire. The tire was still on the wheel rim and bore no holes.

Thereafter the plaintiff filed his affidavit, his wife's affidavit and his son's affidavit, but none of these affidavits contradicted the three experts, nor did they show that the tire was defective.

After hearing argument on the defendant's motion, the District Court entered findings of fact, conclusions of law and summary judgment for defendant, on the ground that there was no proof or evidence of any defect in the tire.

At the argument on appeal, plaintiff's counsel stated that the express warranty Count was his most favorable point and that the other Counts would stand or fall with it.

Plaintiff must prove a defect in the tire before defendant can be held liable under any of the three Counts. Hurley v. Beech Aircraft Corporation, 355 F.2d 517 (7th Cir. 1966), and United States Rubber Company v. Bauer, 319 F.2d 463 (8th Cir. 1963), both held that

in the absence of proof of the existence of a defect, a defendant may not be held liable for negligence in manufacture or responsible on the theory of implied warranty. Those decisions are equally applicable to express warranty cases. In fact Count I of the *Hurley* complaint was based on both express and implied warranties (see 355 F.2d at pages 518 and 519). As the *Bauer* case teaches, it would also be inappropriate to apply the *res ipsa loquitur* doctrine here, for the manufacturer had no control over the tire at the time of accident, there was no more probability that the tire had any defect when it left the manufacturer's possession than that it was subsequently created, the tire had been on plaintiff's auto for seven months, and no defect was shown. See 319 F.2d at page 468; see also Evansville American Legion Home Association v. White, 239 Ind. 138, 140, 154 N.E.2d 109, 110, 111 (1959).

The plaintiff relies on Ein v. Goodyear Tire and Rubber Company, 173 F. Supp. 497, 498 (N.D.Ind.1959). There Judge Swygert pointed out that a manufacturer might be liable for putting an unsafe article upon the market without proper notice, but he observed that such a claim "could be sustained only if the tire were alleged to be of defective construction." Here the experts concluded that this tire was not defective, and thereafter plaintiff did not have the tire examined or tested by anyone, nor did he challenge in the trial court the contents of the affidavits of the three experts. Nothing in the *Ein* opinion holds that a defect in a product need not be shown in order to recover for breach of an express warranty, and indeed at the oral argument, the plaintiff conceded that there must be proof of a defect even in express warranty cases, for otherwise there would be no breach of the warranty.

Plaintiff's other principal case is Hansen v. Firestone Tire and Rubber Co., 276 F.2d 254, 258 (6th Cir. 1960), but there the court recognized that in a breach of express warranty action, the plaintiff has the burden of proving that the goods did not have the properties warranted. There the plaintiff was able to show why the tire in question was defective, while the instant plaintiff has failed to do so.

██ Under the 1963 amendment to Rule 56(e) of the Federal Rules of Civil Procedure, plaintiff had the burden to respond to defendant's affidavits by setting forth specific facts showing that there was a genuine issue for trial. As. the Supreme Court's Advisory Committee stated, Rule 56(e) was amended to require a party opposing a motion for summary judgment, supported by affidavits, to produce enough evidentiary matter to establish a genuine issue for trial, for the "very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." 6 Moore's Federal Practice (2d ed.) par. 56.01(14). Likewise, Professor Moore points out that faced with evidentiary affidavits, the party opposing summary judgment must disclose the merits of his case. Idem, par. 56.22 (2).

██ The affidavits filed by plaintiff in response to the motion for summary judgment fail to contradict the three experts' affidavits showing that the tire had no defect. We have examined the plaintiff's "Statement of Genuine Issues" filed in response to the defendant's proposed findings of fact and conclusions of law and find it also devoid of any specific facts showing that the tire was defective. Because of plaintiff's failure to file a response setting forth specific facts showing that there was a genuine issue relating to the defective nature of the tire, summary judgment for defendant was proper.

Therefore, the judgment of the District Court is

Affirmed.