## MARKWELL v. GENERAL TIRE AND RUBBER COMPANY.

[No. 20,770. Filed February 9, 1968. Rehearing denied March 4, 1968. Transfer denied April 17, 1968.]

*Joseph B. Minor and John D. Clouse,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

BIERLY, J.—This action was commenced in the trial court, by appellant filing his complaint in four legal paragraphs, alleging property damage to appellant's automobile.

Appellant's first paragraph alleged a breach of an advertised express warranty, alleging that a tire manufactured and sold by appellee, thence placed on an automobile purchased by appellant, did not meet the standards of the expressed warranty but collapsed, causing damage to appellant's automobile.

Paragraph two alleged substantially the same facts, except that it was founded on an alleged breach of an implied warranty of fitness.

Paragraph three alleged negligence in the design, testing and manufacture of the above-mentioned tire.

Paragraph four was based upon the theory of strict liability.

The appellee filed a motion for summary judgment, and a brief in support thereof, based upon two grounds.

The first ground was directed to plaintiff's legal paragraphs one, two, and four of his complaint.

Set forth in the motion for summary judgment were the pleadings in a case entitled "James Markwell v. General Tire and Rubber Company", which had been filed in the Federal District Court for the Southern District of Indiana. The pleadings raised the same issues as are present in the instant case in paragraphs one, two and four, with the exception that the present case is concerned with property damage, whereas the federal case involved personal injury. The decision and judgment of the District Court was appealed to the Seventh Circuit Court of Appeals and was set forth in said motion.

The above decision found against the appellant in the case at bar, and affirmed the District Court's judgment which had sustained appellee's motion for a summary judgment on the ground that plaintiff-appellant, ". . . failed to file a response setting forth specific facts showing that there was a genuine issue relating to the defective nature of the tire. . . ." *Markwell* v. *General Tire and Rubber Company* (1966), 367 F. 2d 748.

Consequently, appellant in the case at bar was collaterally estopped from bringing another action on those same issues.

Appellee's second ground for summary judgment is that the three affidavits, attached to the motion, establish that there is "no genuine issue as to any material fact", and thus the defendant is entitled to a judgment as a matter of law. This contention is directed to the third legal paragraph of complaint, which is based on negligence, and was not in issue in the federal court.

Appellant, in turn, filed three affidavits in opposition to the motion for summary judgment.

We are of the opinion that the questions raised by this appeal can be consolidated into two issues, namely, has the appellant sufficiently presented his alleged error in regard to the issue of collateral estoppel, and secondly, are the appellant's three opposing affidavits sufficient to raise "a genuine issue as to any material fact."

Under Burns' § 2-2524(e), it is provided that,

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading; but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him*" (Emphasis supplied).

We are of the opinion that because appellant had failed to file an opposing affidavit in compliance with the statute he has failed to present error in regard to collateral estoppel. By appellant's failure to file an opposing affidavit, he has, in effect, admitted the validity of appellee's argument on this issue. See: *Eberle* v. *Sinclair Prairie Oil Co.* (1940), 35 F. Supp. 296.

We now turn our attention to the remaining issue, directed to the third paragraph of complaint on negligence.

The question as it is presented is whether or not appellant's affidavits have ". . . set forth specific facts showing that there is a genuine issue for trial." Burns' § 2-2524(e), *supra*.

Appellee filed three affidavits made by experts, and set forth specific facts therein showing the method of the tests made by the experts, and showing as a result of the tests that no defect existed in the tire in question.

Appellant, on the other hand, merely stated in his affidavit that the tire was defective.

As far as we are able to determine, he has done nothing

more than reiterate the allegations of his pleadings, in that he has wholly failed to state *specific facts* showing a defect of some nature.

The other two affidavits filed by appellant merely state that the tire was in a deflated condition immediately after the accident in question occurred. These affidavits are not sufficient to comply with the summary judgment statute, namely, that no specific facts were set forth therein showing a genuine issue for trial.

We are not called upon to answer the issue raised by appellee's motion to dismiss in view of the result we have reached.

We are of the opinion that appellant has wholly failed to comply with the requirements of Burns' § 2-2524(e), *supra,* and as a result we are of the opinion that the trial court's judgment must be affirmed.

Judgment affirmed.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 676.