KAPUSTA v. DEPUY MANUFACTURING COMPANY, INC.

[No. 20,619. Filed March 5, 1968.]

*Patrick and Anderson,* of South Bend, for appellant.

*Graham, Rasor & Harris,* of Warsaw, for appellee.

HUNTER, J.—This case is here on petition to transfer from the Appellate Court. (See opinion reported in 229 N. E. 2d 828.)

This was a personal injury action instituted by the petitioner-appellant. The trial court granted a summary judgment in favor of the defendants. The Appellate Court affirmed the trial court's summary judgment holding that (1) a release given by appellant purporting to release all persons from liability for all injuries sustained from an automobile accident was a good defense for appellee, and (2) summary judgment was appropriate since affidavits filed by appellee showed the lack of a material issue of fact.

After a review of the petition to transfer and of the Appellate Court decision, we are of the opinion that the Appellate Court reached a correct result and the petition to transfer should be denied. However, we cannot approve of the language in the opinion which states:

"In any event, appellant's failure to file counter-affidavits gave force to a prima facia showing that appellee, the moving party, was entitled to summary judgment as a matter of law." 229 N. E. 2d at 832.

We believe this language is contrary to the statute, Ind. Anno. Stat. § 2-2524(e) (Supp. 1967):

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him." (our emphasis)

The language in the opinion seems to indicate that the trial court need not decide if there is a material issue of fact. Ind. Anno. Stat. § 2-2524(c) (Supp. 1967) provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ."

We construe the words "if appropriate" in subsection (e), in light of subsection (c) to still require a finding that there is

no genuine issue as to any material fact, whether or not counter-affidavits are filed. Our statute is patterned after Federal rule of Civil Procedure 56 and we believe the Advisory Committee's Notes of 1963 to the last two sentences of subdivision (e) are appropriate: ". . . The amendment (is not) designed to affect the ordinary standards applicable to the summary judgment motion."

Transfer denied.

Lewis, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 487.