ARGUS v. MATUSKA ET AL.

[No. 20,765. Filed March 29, 1968. Rehearing denied May 10, 1968. Transfer denied February 2, 1969.]

*Owen W. Crumpacker, Richard P. Komyatte, Crumpacker & Abrahamson,* of Hammond, for appellant.

*Frank J. Galvin, Carl N. Carpenter,* and *Galvin, Galvin & Leeney,* of Hammond, for appellees.

Cook, P. J.—This is an action by the appellant, Harry Argus, a real estate broker, seeking to recover damages resulting from the alleged breach of a real estate broker's commission contract by the appellees.

After answering appellant's amended complaint, appellees filed their motion for summary judgment with a supporting affidavit, supporting documents and memorandum brief. Appellant failed to respond, and summary judgment was entered against him.

Appellant appeals to this court, alleging that the trial court erred in granting the appellees' motion for summary judgment and in entering the summary judgment against him.

We find from the record that a "Lease Agreement" was signed by the appellees and National Tea Company in October, 1958, and that the agreement included the following provision:

"The Lessor covenants and agrees to construct a building 100' x 125' all in accordance with plans and specifications to be approved by Lessee and Lessor."

Such plans and specifications were never approved and consequently, it is appellees' contention that a binding and enforceable agreement was never entered into by the parties. Since appellant's broker's commission agreement was contingent upon an agreement between appellees and National Tea it necessarily follows that if such is the fact, shown by the motion for summary judgment and supporting affidavits, documents, and pleadings, appellant is not entitled to recover his commission.

Although not involving identical parties, the issue of the enforceability of this lease agreement had been previously litigated in Federal Court, wherein it was determined that agreement upon the building plans and specifications was essential before the "Lease Agreement" became an effective and enforceable lease. See: *National Tea Company* v. *David Weiss et al.* (1965), C. A. 7th, 341 F. 2d 331.

The parties agree that the Federal litigation is not binding as an adjudication of the case before us, but it is relevant here in that appellees included, in support of their motion for summary judgment, a certified copy of the finding and decision of the United States District Court for the Northern District of Indiana which tried such case, and a citation of the decision of the United States Circuit Court of Appeals affirming the District Court's holding.

Appellant attempts to excuse his failure to respond to appellees' motion for summary judgment by claiming that there

is some language in the District Court's opinion indicating that there was conflicting evidence on the issue of the approval of the building plans. It is then implied that if appellant were allowed to go to trial on the merits there might arise a genuine issue of fact as to mutual agreement upon plans and specifications, and that consequently, a response was unnecessary.

Although no Indiana case directly on the issues presented has been decided, we quote with approval from Moore's Federal Practice, Volume 6, paragraph 56.23, p. 2584 (and cases cited therein) wherein it is stated:

"Although the trial court in the exercise of a sound discretion may decline to grant summary judgment, even though the movant has technically discharged his burden, the trial court will normally not look with indulgence upon a party who has presented neither evidenciary materials in opposition nor any reason for his failure to do so. Further, it is certainly well settled that the opposing party is not entitled to hold back his evidence until trial, and is not entitled to a trial on the possibility that an issue of material fact might arise if the case were to go to trial on the merits."

Restating the federal rule on this subject, Burns' Ind. Stat. Anno. § 2-2524(e) provides, in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We have held that the failure of the adverse party to respond by affidavit or otherwise to the moving party's motion for summary judgment has the effect of admitting the validity of the moving party's action. *Markwell* v. *General Tire* (1968), 142 Ind. App. 188, 13 Ind. Dec. 30, 233 N. E. 2d 676.

Neither this court nor the trial court can, or should, speculate as to what evidence might be adduced at trial. It is neither necessary nor proper. If the appellant had evidence which he could have offered to show the existence of a genuine issue of fact regarding specifications for the building in question he should have come forward with affidavits or other proof required by Burns' § 2-2524(e). If appellant was unable to produce such proof he should have so advised the court, as provided by Burns' § 2-2524(f). Having followed neither course of action, it is now too late for appellant to complain because the trial court took the only course of action available to it, on the basis of the record before it, and properly entered a summary judgment for the appellees.

Judgment affirmed.

Bierly, Pfaff and Smith, JJ., concur; Faulconer, J., dissents with opinion.

## DISSENTING OPINION

FAULCONER, J.—The majority opinion in substance holds that since the "Lease Agreement" contained the provision that the Lessor would construct a building in accordance with plans and specifications to be approved by the parties, and since they were not so approved thereby no binding lease agreement was made, and that since the appellant's broker's commission agreement was contingent upon such binding "Lease Agreement," summary judgment for the defendant was proper. The opinion further appears to place a burden of proof upon the opponent to a motion for summary judgment irregardless of the sufficiency of the motion for summary judgment and its supporting papers. This is not my interpretation of our statute and the decisions and authorities on the subject.

Acts 1965, ch. 90, § 1, p. 126, § 2-2524(c), Burns' 1968 Replacement, provides in part "[T]he adverse party prior to the

day of hearing *may* serve opposing affidavits." (Emphasis supplied).

Acts 1965, ch. 90, § 1, p. 126, § 2-2524(e), Burns' 1968 Replacement, provides in part that "[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (Emphasis supplied).

Thus the party opposing a motion for summary judgment has the burden to set forth specific facts showing the existence of a genuine issue for trial only when and if the party requesting summary judgment has performed his burden of showing that no such issues exist.

Although summary judgment procedure is of recent origin in Indiana it has a long history in many states and in the Federal courts. Since the Indiana statute is identical with Rule 56 of the Federal Rules of Civil Procedure it may prove helpful to examine the decisions of the Federal Courts in general and the 7th Circuit in particular when confronted with a summary judgment issue.

> "To warrant the granting of a summary judgment under that rule, the papers must 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' As we recently stated in *Greenebaum Mortgage Co.* v. *Town E. Garden Associates,* No. 16, 066 (7th Cir. 1967), 385 F. 2d 347, 'In deciding whether there is an issue of material fact in a case, all doubts must be resolved against the party asking for summary judgment.' " *American Casualty Company of Reading, Pa.* v. *Reidy* 386 F. 2d 795, 798 ( 7th Cir. 1967).

> "Where, on the basis of the materials presented by his affidavits, the moving party, if at trial, would be entitled to a directed verdict unless contradicted, it rests upon the opposing party at least to specify some evidence to show that such contradiction is possible. [cases cited] The burden of coming forward with specific controverting facts shifts to the opponent. [cases cited] It is his duty to expose the

existence of a genuine issue which will prevent the trial from being a useless formality. [cases cited] If he has a plausible ground of defense, he must assert it. [cases cited]" *Doff* v. *Brunswick Corporation,* 372 F. 2d 801, 805 (9th Cir. 1967). See also: *Markwell* v. *General Tire and Rubber Company,* 367 F. 2d 748, 750 (7th Cir. 1966).

The issue before us is whether the trial court properly concluded that appellee's papers in support of his motion for summary judgment indicated that there was no genuine issue of fact to be tried.

This necessitates an examination of the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, . . ." Acts 1965, ch. 90, § 1, p. 126, § 2-2524(c) Burns' 1968 Replacement.

Appellant's amended complaint alleged in pertinent part that "defendants [appellees] offered to employ plaintiff's [appellant's] professional services for the express purpose of obtaining a prospective lessee to be a tenant to occupy a commercial building to be constructed by defendants. . . ." That plaintiff was to be paid a certain commission, therefore, which "would become due and payable at such time as plaintiff produced a lessee satisfactory to defendants and an agreement to lease was executed by and between the lessee and defendants. . . ." Said complaint further alleged that his "agency should automatically terminate upon the successful completion of his performance, to wit: Obtaining a signed agreement to lease; or, upon a prior express termination of the agency relationship either by plaintiff or defendants." Appellant's complaint further alleged his performance of such agreement by procuring a tenant with whom defendants executed a written lease agreement. The prayer was for the amount of his commission which he alleges is unpaid. A copy of the lease agreement was attached to the complaint.

Defendants-appellees answered 1) in general denial; 2) that the consideration failed because such lease never became a complete and binding agreement through no fault of de-

fendants; 3) that if any contract existed it was not as alleged but as embodied in a certain letter which was attached, and that conditions precedent described therein never occurred; 4) that on a later date plaintiff and defendant orally agreed that plaintiff's commission was to be paid only if certain specified events took place, which they alleged did not take place. As a fifth paragraph of answer appellees alleged that the contract is invalid as not in writing.

Appellant-plaintiff denied each paragraph of the answer.

Appellees then filed their motion for summary judgment which, exclusive of memorandum, reads as follows.

### "MOTION FOR SUMMARY JUDGMENT

The defendants move for a summary judgment upon the ground that no binding, enforceable lease, or agreement to lease, was ever executed between the defendants and the National Tea Company, because the defendants and the said National Tea Company never reached agreement upon the building which the defendants were to lease to the said National Tea Company, which fact is not a subject of genuine dispute herein.

GALVIN, GALVIN & LEENEY
(Signed) By: CARL N. CARPENTER
Attorneys for Defendants"

To support their motion for summary judgment appellees—defendants attached an affidavit of the defendant Edward P. Matuska and the written opinion of the U.S. District Court for the Northern District of Indiana and the written opinion of the 7th Circuit Court of Appeals in a cause entitled *"National Tea Company, an Illinois Corporation v. David Weiss, Parkview Foods, Inc., an Indiana Corporation; Edward P. Matuska; Margaret C. Matuska, his wife; Paul H. Vladika and Maryann L. Vladika."*

The affidavit of Edward Matuska stated that "the only agreements which the defendants ever entered into with the National Tea Company was the instrument entitled 'Lease

Agreement' attached. . . ." That defendants never communicated their approval of any plans and specifications for the building to be leased under such agreement, nor have defendants received notification from National Tea of its approval of any plans and specification of such a building.

The contention of appellees that there never was a complete and binding lease agreement between themselves and National Tea Company is based upon a section of the lease which reads as follows: "FOURTEENTH: The lessor covenants and agrees to construct a building 100' x 125' all in accordance with plans and specifications to be approved by lessee and lessor."

The reason for attaching the written opinions of the Federal Courts, which denied specific performance of the lease agreement requested by National Tea, was to show that the lease agreement, signed by National Tea and defendants—appellees in this suit, was therein held not complete and binding due to lack of evidence concerning agreement on plans and specification of the building.

In my opinion the papers relied upon by appellees are insufficient to show that there is no genuine issue of fact to be tried. The affidavit in support of the motion for summary judgment admits the execution of the Lease Agreement between appellees and National Tea as alleged in appellant's complaint. It then merely denies that the approval of the parties was ever communicated as to plans and specifications called for in said lease. The decisions of the Federal District Court and 7th Circuit Court of Appeals merely held that National Tea was not entitled to specific performance of the lease agreement under the evidence heard in the District Court in light of the provision of the lease set forth above.

The issue of fact, in my opinion, undisposed of, and on which the appellant is entitled to trial, is the existence and terms of appellant's contract with appellees upon which his

complaint was filed and which is the basis of his cause of action. Appellant alleged that his contract with appellees was to obtain a prospective lessee to be a tenant to occupy a commercial building to be constructed by the defendant-appellees. That the commission would be due when he produced a lessee satisfactory to defendants and an agreement to lease was executed. The conclusion of the majority opinion that appellant's contract was contingent upon a binding lease agreement is not supported by the pleadings, motion and affidavits in my opinion.

Appellees by answer have denied these allegations and further alleged that by letter and orally the agreement with appellant was in substance conditioned on the total performance of the lease agreement by National Tea. These allegations were denied by appellant in reply. The issue of the contract of employment, its terms and conditions must be determined and this issue was not determined under this motion for summary judgment.

Therefore, I would reverse the judgment which granted the motion for summary judgment with instructions to deny such motion.

NOTE.—Reported in 235 N. E. 2d 205.

## ON PETITION FOR REHEARING

COOK, P. J.—In our original opinion, *Argus* v. *Matuska* (1968), 235 N. E. 2d 205, we stated: "We have held that the failure of the adverse party to respond by affidavit or otherwise to the moving party's motion for summary judgment has the effect of admitting the validity of the moving party's action." As authority we cited *Markwell* v. *General Tire* (1968), 142 Ind. App. 188, 13 Ind. Dec. 30, 233 N. E. 2d 676.

Since our original opinion was handed down the Supreme Court, in *Kapusta* v. *DePuy Manufacturing Company* (1968), 249 Ind. 679, 234 N. E. 2d 487, clarified the language of Burns' Ind. Stat. Anno. § 2-2524 (e), which reads as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him" (our emphasis).

The Supreme Court said, at page 488:

"We construe the words 'if appropriate' in subsection (e), . . . to still require a finding that there is no genuine issue as to any material fact, whether or not counter-affidavits are filed."

Even though transfer has been denied in *Markwell* v. *General Tire,* we feel that in view of *Kapusta,* we should reaffirm the fact that the trial court did find, and quite correctly so, that there was no genuine issue as to any material fact.

Petition for rehearing denied.

Bierly, Pfaff and Smith, JJ., concur; Faulconer, J., dissents.

NOTE.—Reported in 236 N. E. 2d 606.