FISCHER *v.* KAYLOR ET AL.

[No. 1068A169. Filed August 14, 1969. No petitions for rehearing or transfer filed.]

*Larry Busick, Osterman & Busick, Ralph G. Blume,* and
*Nieter, Smith, Blume, Wyneken & Dixon,* all of Fort Wayne,
for appellant.

*Vincent J. Backs, Kennerk, Dumas, Burke & Backs,* of Fort
Wayne, for appellees.

SHARP, J.—This action was commenced by the Appellant,
Roland A. H. Fischer, by the filing of an action to quiet title
on December 14, 1966, wherein the Appellees, William K.
Kaylor, Joann Ruckman, David K. Kaylor and Joann Ruckman, administratrix of the Estate of Sidney C. Riethmiller,
deceased, were designated as Defendants. In substance the
complaint alleged that William K. Kaylor, Joann Ruckman
and David K. Kaylor were the sole and only heirs of Sidney
Reithmiller, deceased, and that the Plaintiff was the owner in
fee simple of certain described real estate situated in Allen
County, Indiana, and that the defendants each claimed an interest adverse to the plaintiff and had no interest in said
real estate.

On January 23, 1967, the Appellees-Defendants filed their
Motion for Summary Judgment, which in substance alleged
that William Riethmiller, deceased, husband of Sidney Riethmiller, owned the real estate described in the Plaintiff's complaint as a tenant in common with his sister. Said Motion for
Summary Judgment further alleged that William Riethmiller
predeceased his wife, Sidney Riethmiller, and left a Last Will
and Testament dated May 11, 1944, which reads as follows:

"I, the undersigned, William G. Riethmiller, being of
sound and disposing mind and memory, do hereby make,
publish and declare this as and for my Last Will and Testament, hereby revoking all Wills by me heretofore made.

### ITEM ONE.

WHEREAS under the Will of August Riethmiller, deceased, I was appointed as Trustee subject to the terms and

conditions of the Trust therein contained, which said Will was admitted to probate on the 6th day of February, 1940.

NOW THEREFORE, I, the undersigned, upon my death do hereby designate constitute and appoint as my successors in Trust to carry out all the terms and conditions of said Trust heretofore referred to, my wife Sidney C. Riethmiller and my nephew Roland A. H. Fischer, to act as co-trustees. Such successors in trust shall operate said trust and act as such trustees without bond, and without being required to give bond and to carry out said trust in accordance with the terms and conditions of said trust created by the Will of said August Riethmiller, with the same powers and duties on the part of said trustees as were conferred upon me as Trustee in said Will of August Riethmiller, and without being required to file reports with any Court.

### ITEM TWO.

I direct my Executrix hereinafter named out of the proceeds of my estate to pay all of my just debts, expenses of last illness, and burial.

### ITEM THREE.

I give and bequeath to my wife, Sidney C. Riethmiller, for and during her natural life, a frame building erected upon a strip of ground commonly known as 2005 Broadway, such strip of ground being approximately nine feet in width, and upon the death of my said wife the residue in fee simple to Roland A. H. Fischer.

### ITEM FOUR.

I give and bequeath to my wife, Sidney C. Riethmiller, all of the stock which I may own in the Lincoln National Bank and Trust Company at the time of my death, to be hers absolutely and in fee simple. I request, however, that in event any of said stock shall be remaining in the hands of my wife at the time of her demise, that said stock so remaining in her hands shall go to my nephew, Roland A. H. Fischer.

### ITEM FIVE.

I will and direct my Executrix hereinafter named to erect over my grave a headstone exactly like the headstones on the graves of my father and mother, and on the same lot.

## ITEM SIX.

I bequeath and devise to my wife, Sidney C. Riethmiller, my undivided interest in Lots Numbered 5 and 6 and the East 15 feet of Lot Numbered 17 in B. D. Miner's First Addition to the City of Fort Wayne, Allen County, Indiana, according to the recorded plat thereof, in fee simple. In event Sidney C. Riethmiller should predecease me, then I bequeath and devise the share she would have taken under this Item of my will to my nephew, Roland A. H. Fischer; I request, however, that in event my wife, Sidney C. Riethmiller, shall die the owner of the above described real estate, that upon her death the fee simple title shall go to Roland A. H. Fischer, or if the property be sold in her lifetime, then any proceedings remaining in her hands from the sale thereof at the time of her death shall go to my nephew, Roland A. H. Fischer.

## ITEM SEVEN.

All the rest and residue of my property of every kind and nature, and wheresoever situated, I hereby give and bequeath to my wife, Sidney C. Riethmiller, in fee simple and absolutely. In event my wife, Sidney C. Riethmiller should predecease me, then I give and bequeath the share which she would have taken under this Will, had she survived me, to my nephew Roland A. H. Fischer.

## ITEM EIGHT.

I hereby nominate, constitute and appoint my wife, Sidney C. Riethmiller, as Executrix of this my Last Will and Testament.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, and have declared, in the presence of witnesses hereinbelow named, this instrument consisting of eight (8) items, to be my Last Will and Testament, on this 11th day of May, 1944.

S/ William G. Riethmiller (SEAL)"

Appellees' Motion for Summary Judgment further alleged that under Item Six of the Last Will and Testament of William Riethmiller his wife, Sidney Riethmiller took a fee simple title to her husband's interest in the subject real estate and that Appellant, Roland A. H. Fischer acquired no interest in

said real estate. That subsequent to the death of William Riethmiller, Sidney Riethmiller and her co-tenant sold the property on a conditional sales contract and, therefore, the estate of Sidney Riethmiller now owned an undivided one-half interest in said real estate. Appellees' Motion for Summary Judgment further alleges that the Defendants-Appellees, Joann Ruckman, William K. Kaylor and David K. Kaylor, were the sole and only heirs at law of Sidney Riethmiller.

On May 3, 1967, the Appellant-Plaintiff filed his Answer to Defendants' Motion for Summary Judgment and Motion for Summary Judgment for Plaintiff. The allegations of Plaintiff's Answer and his own Motion for Summary Judgment are consistent with the allegations of the Complaint and with Appellees-Defendants' Motion for Summary Judgment except he alleges that he is a son of Edna Fischer, the sister of William Riethmiller and is therefore a nephew of William Riethmiller. He further contends that Item Six of the Last Will and Testament of William Riethmiller devised only a life estate to said decedent's widow, Sidney Riethmiller, with a power to dispose of said real estate. He further alleged that said William Riethmiller and Sidney Riethmiller were childless. Appellant claimed to be a fee simple owner of the one-half interest in the subject real estate.

On September 15, 1967, the trial court granted Appellees' Motion for Summary Judgment and entered judgment for the Appellees finding and determining that Appellees were the owners of the one-half interest in the subject real estate and quieting title to the same in Appellees, subject to the rights of the contract purchaser.

The Appellant alleges that the trial court erred in granting summary judgment because there was a genuine issue of a material fact in the intent of the testator.

There are two basic questions to be decided in the determination of this appeal. The first is whether summary judgment was proper on the basis of the record before the trial court.

The second is whether the judgment on the merits is correct as a matter of law.

We are here called upon to consider an additional dimension to the Indiana Summary Judgment Statute, Burns' Indiana Statutes Annotated, § 2-2524, which we have said is patterned after Rule 56 of the Federal Rules of Civil Procedure. This new dimension concerns itself with the effect of opposing parties filing cross motions for summary judgment. The Appellees contend that Appellant, by filing his Motion for Summary Judgment has conceded that no genuine issue of material fact exists. Appellees cite *Olenick* v. *Brucker*, 173 F. Supp. 493 (D.C.D.C. 1959); *Walsh & Company* v. *Summerfield*, 198 F. Supp. 843 (D.C.D.C. 1961), affirmed 303 F. 2d 766, 113 U.S. App. D.C. 1; *Garrett Freight Lines Inc.* v. *U.S.*, 236 F. Supp. 594 (D.C. Idaho 1964) and *Geiser* v. *Permacrete, Inc.*, 90 So. 2d 610 (Fla. 1956). These cases cited by the Appellees do not represent the weight of authority and are not the better reasoned cases on the subject. In 3 Barron & Holtzoff, Federal Practice and Procedure, § 1239, pages 176-177, it is stated:

> "The fact that both parties have moved for summary judgment does not establish that there is no issue of fact. A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. Thus, both motions should be denied if the court finds that there is actually a genuine issue as to a material fact. If both parties move for summary judgment, each concedes and affirms that there is no issue of fact only for purposes of his own motion. The legal theories a party advances in support of his motion, and his general assertions that there is no issue of material fact, are only for purposes of his own motion and may not be used against him to grant his opponent's motion."

See also: *Allied Mutual Insurance Company* v. *Lysue*, 324 F. 2d 290, 292 (8th Cir. 1963); *Jacobson* v. *Maryland Casualty Co.*, 336 F. 2d 72, 74 (8th Cir. 1964); *Cram* v. *Sun Insurance Office, Ltd.*, 375 F. 2d 670, 673 (4th Cir. 1967);

*Nafco Oil and Gas, Inc.* v. *Appleman*, 380 F. 2d 323, 325 (10th Cir. 1967); *American Mfrs. M. I. Co.* v. *American Broadcasting-Para.* Th., 388 F. 2d 272, 279 (2nd Cir. 1967); and 6 Moore, Federal Practice, § 56.13 (2d ed. 1966).

Consistent with the above authorities which represent the majority and we think the better reasoned Federal decisions on the question we hold that under the Indiana Summary Judgment Statute, Burns' Indiana Statutes Annotated, § 2-2524, cross motions for summary judgment do not in themselves establish the absence of a genuine issue of material fact. We further hold that in the context of such cross motions for summary judgment each party concedes that there is no genuine issue as to a material fact only for purposes of his own motion. The Appellant has not conceded or waived the lack of a genuine issue as to a material fact by filing his cross motion for summary judgment and is, therefore, free to raise this issue on appeal here.

In order to determine the propriety of the trial court's granting summary judgment for the Appellees here we must turn our consideration to Item Six of the Last Will and Testament of William Riethmiller.

By stipulation the Appellant has agreed that the first sentence of Item Six, were it stated alone, would indicate a fee simple title to the contested property vested in Sidney Riethmiller. The question then becomes whether or not the Appellant has acquired a contingent remainder interest in either the real estate or the proceeds from the sale of the real estate upon the death of Sidney Riethmiller. We must, therefore, determine if there is any issue of material fact presented with reference to the Appellant's contention and if the Appellees were entitled to judgment as a matter of law. If there is no genuine issue as to a material fact and the Appellees are entitled to judgment as a matter of law the granting of summary judgment by the trial court must be affirmed. *Schill* v. *Choate*, 144 Ind. App. 543, 247 N. E. 2d

688 (1969) ; *Kapusta* v. *Depuy Mfg. Co.*, 249 Ind. 679, 234 N. E. 2d 487 (1968) ; *Personnett* v. *Great A & P Tea Co.*, 142 Ind. App. 698, 237 N. E. 2d 281 (1968) ; *Markwell* v. *General Tire & Rubber Co.*, 142 Ind. App. 188, 233 N. E. 2d 676 (1968), and *Pan American World Airways* v. *Local Readers Service*, 143 Ind. App. 370, 240 N. E. 2d 552 (1968).

Initially, the trial court in this case was obligated to determine whether or not Item Six of the Last Will and Testament of William Riethmiller was ambiguous and in need of construction. This is a question of law. In granting summary judgment the trial court could have properly found that the Will of William Riethmiller was not ambiguous and as a matter of law Appellees were entitled to judgment by effectuating the intent as read in the Will. In *Wallace* v. *Cutsinger*, 66 Ind. App. 185, 197, 116 N. E. 789, 795 (1917), this court stated:

> "In order for the meaning of a will to be clear from the language used, it is not necessary for it to be so worded as to exclude every other possible meaning which might be suggested as a matter of speculation or conjecture. The meaning of a will may be said to be clear when it fairly expresses an intention on a reasonable interpretation of the language used, regardless of other possible intentions not apparent but which must be reached through a forced construction, or circuitous reasoning."

More recently in *Bilger* v. *Trinity Evangelical & Reformed Church of Indianapolis*, 136 Ind. App. 320, 322, 199 N. E. 2d 855 (1964), this court stated:

> "A careful analysis of said Items II and III leads us to the inescapable conclusion that there is no ambiguity in their import, and that said provisions are clear and certain, thus prohibiting an interpretation thereof through the introduction of extrinsic evidence as to the testator's intent, and in this respect it is our opinion that the trial court committed reversible error. In the case of *Brown* v. *The Union Trust Company of Greensburg, Executor, et al.* (1951), 229 Ind. 404, 98 N. E. 2d 901, the following is stated:
>> 'If the words used in a will are not ambiguous and clearly express the intention of the testator, they must

govern. That which is plain and manifest needs no interpretation . . .'

Also, in the case of *Ross et al.* v. *Clore et al.* (1948), 225 Ind. 597, 76 N. E. 2d 839, the following statement is found:

'. . . There is no need for rules of construction when a will is not uncertain or ambiguous. . . .' "

Also, it is significant in the *Bilger* case that this court reversed the trial court for permitting the admission of extrinsic evidence in regard to the intent of the testator once a preliminary determination had been made that the will in question was not ambiguous.

It is perfectly clear from a reading of the entire will of William Riethmiller that he intended to devise a fee simple title to the property in question to his wife, Sidney Riethmiller, and then to suggest to her that the real estate or remainder of proceeds in case of its sale be left by her to his nephew, Appellant Roland A. H. Fischer. It is also significant that by Item Three William Riethmiller did clearly and unequivocally create a life estate. Therefore, this is certainly not a case of a badly drawn Will where the testator was confused as to the meaning of his words. On the contrary, the testator here was explicit and articulate throughout the Will and he clearly knew the meaning of the term "fee simple" as he devised the real estate in question to his wife. The request of the gift at her death was a suggestion to her and is merely precatory language in the Will. It should be emphasized that as we do not construe this Will no rules of construction concerning the efficacy of the word "request" will be decided. We are aware that the word "request" when used by a different testator with a different intent in a different situation may well indicate the intent of a testator to command a gift or bequest and we do not limit its role to being exclusively precatory language as it was when used by William Riethmiller.

Since there is no need for construction, a genuine issue of material fact as to the intent of the testator does not arise. Thus, this case is a proper one for the entry of summary judgment.

We, therefore, find that the entry of summary judgment in favor of the Appellees in this case was proper and should be affirmed.

Judgment affirmed. Costs v. Appellant.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 19.