**R–R REALTY COMPANY, a corporation, Plaintiff,**

**v.**

**MORTGAGE ASSOCIATES, INC., a Wisconsin corporation, Defendant.**

**No. 70–C–567.**

United States District Court,
E. D. Wisconsin.

Dec. 20, 1971.

August Ross, Omaha, Neb., for plaintiff.

Gray & Grelecki by T. R. Gray, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is a diversity action in which the plaintiff seeks an accounting from the defendant, as a mortgagee and agent for other mortgagees, of those funds which the defendant holds in escrow for the payment of taxes and insurance. Paragraphs eight and nine of the complaint allege:

"That the moneys paid to defendant under said mortgage provision are trust funds, and were received and held, and are received and held, by defendant, as trustee. That as to said funds, defendant owed and owes to plaintiff and to all other persons similarly situated, the duties and obligations which a trustee owes to its beneficiaries. Said duties and obligations include the duty to account to the plaintiff and to the others similarly situated for all earnings and profits which said defendant makes by the use and employment of said trust funds in the operation of its business.

". . . that defendant has, during all the years said defendant has received said escrow funds, earned and continues to earn through the investment of said escrow funds substantial

sums of money; that defendant has retained said earnings and claims the same as its own, and has failed to pay or credit the plaintiff, and others similarly situated, the pro rata share thereof, or account for the same, but wrongfully and in violation of its trust, duties and obligations has appropriated and continues to appropriate said earnings for its own use."

The plaintiff also seeks the collection and distribution by the court. of any monies which are found to be owing as a result of the accounting.

· The defendant has moved for summary judgment. On October 4, 1971, the court established a briefing schedule with respect to the defendant's motion under which the defendant was given until October 25, 1971, to file a brief in support of its motion and the plaintiff was given until November 15, 1971, to answer. The defendant's brief was timely filed but, on November 4, 1971, the court received a motion in which the plaintiff sought an extension of time in which to file its answering brief. A letter was sent by the court to the attorney for the plaintiff in which it was stated that a response to the plaintiff's request for an extension of time had been solicited from counsel for the defendant; the letter also advised the plaintiff's attorney that, "in the event your motion for an extension of time is denied, you should be prepared to submit your memorandum on or before the date it is due."

On November 5, 1971, counsel for the defendant wrote the court that he opposed the plaintiff's motion for an enlargement of time. In an order entered on November 8, 1971, this court denied the plaintiff's application for an extension and, on November 12, 1971, the attorney for the plaintiff stated in a letter to the court that he finds himself "in the position of submitting the [defendant's] motion for summary judgment without brief in opposition thereto." To date, no briefs or affidavits have been received from the plaintiff.

A party who seeks a summary judgment bears the burden of showing the court that there is no genuine issue of material fact to be tried. In Greenebaum Mortgage Co. v. Town and Garden Associates, 385 F.2d 347 at page 349 (7th Cir. 1967), the court stated:

"In deciding whether there is an issue of material fact in a case, all doubts must be resolved against the party asking for summary judgment. Cox v. American Fidelity and Casualty Co., 249 F.2d 616 (9th Cir. 1957). Although certainty that there are no unresolved factual issues is necessary to grant summary judgment, any uncertainty in that regard is sufficient to deny summary judgment."

See also Trotter v. Anderson, 417 F.2d 1191, 1192 (7th Cir. 1969); Devex Corp. v. Houdaille Industries, Inc., 382 F.2d 17, 21 (7th Cir. 1967); Carter v. Williams, 361 F.2d 189, 193 (7th Cir. 1966).

The defendant in the case at bar has filed affidavits of two of its officers in support of its motion for summary judgment. The affiants both state that "the defendant earns no interest or other income from escrow funds," and they assert that the escrow funds are used for no purpose other than the payment of taxes and insurance.

The affidavit of James Barden, the defendant's secretary, reiterates certain of Mr. Barden's answers to interrogatories earlier propounded by the plaintiff. Two of the interrogatories and Mr. Barden's answers to them are as follows:

"11. Has the defendant at the direction of any mortgagee or on its own volition ever disbursed the escrow funds, or if the same are not separately deposited, ever used funds which were commingled with said escrow funds for any other purpose than the payment of taxes and insurance.

"A. No.

"13. Has the defendant ever invested the escrow funds or any part thereof,

either in its own volition or at a direction of any mortgagee?

"A. No."

Ronald Huiras, the defendant's treasurer, sets forth in his affidavit "the exact procedure used with respect to all funds paid by the plaintiff to the defendant." Mr. Huiras' affidavit states that the escrow portion of payments received by the defendant is placed in a checking account on which no interest or other earnings accrue and that it remains in such account until it is disbursed for taxes and insurance. Mr. Huiras further states that "no interest or income is or has been earned by said escrow funds by defendant or anyone else."

In my opinion, the defendant has successfully demonstrated that no triable issue of fact is present in the instant action. While great caution must be exercised by the court in granting a motion for summary judgment, I am persuaded that the affidavits of the defendant's officers conclusively show that no income is garnered from the escrow funds held by the defendant. Furthermore, as stated in Markwell v. General Tire and Rubber Co., 367 F.2d 748, 750 (7th Cir. 1966),

"... Rule 56(e) was amended [in 1963] to require a party opposing a motion for summary judgment, supported by affidavits, to produce enough evidentiary matter to establish a genuine issue for trial, for the 'very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' 6 Moore's Federal Practice (2d ed.) par. 56.01(14). Likewise, Professor Moore points out that faced with evidentiary affidavits, the party opposing summary judgment must disclose the merits of his case. Idem, par. 56.22(2)."

Cf. Foster v. General Motors Corp., 191 F.2d 907, 912 (7th Cir. 1951), cert. denied 343 U.S. 906, 72 S.Ct. 634, 96 L.Ed. 1324 (1952).

Therefore, it is ordered that the defendant's motion for summary judgment be and hereby is granted, and it is also ordered that the plaintiff's action be and hereby is dismissed.