HOWARD L. BURCHAM, EXECUTOR OF THE ESTATE OF JOHN W. BURCHAM *v.* MARSHALL V. SINGER, JR. ET AL.

[No. 470A65. Filed January 24, 1972. Rehearing denied March 1, 1972. Transfer denied August 22, 1972.]

*John M. Lewis,* of Seymour, for appellant.

*John P. Price, Hamill, Price & Carroll,* of counsel, of Indianapolis, *Thomas R. Haley,* of Seymour, for appellees.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the trial court erred in entering a summary judgment in favor of plaintiffs-appellees.

The pertinent facts for the resolution of this issue are: On or about December 3, 1954, appellees' decedent, one Marshall V. Singer, Sr., was unable to meet certain mortgage obligations due and payable on his property. A conversation is purported to have ensued between Singer and one John W. Burcham whereby Singer was to sell the property subject to the mortgage obligations to Burcham, however, Singer was to retain the right to repurchase the property within one year's time. Subsequently a real estate contract and warranty deed passed between the parties.

One year later, on December 5, 1955, Burcham gave a written, one-year extension of the contract to Singer. Subsequently, similar one-year written extensions of the contract were given by Burcham to Singer on December 5, 1956, December 4, 1957, and December 4, 1958. Singer remained in possession of the property and gave to Burcham several checks, each in the amount of $759.25 on November 3, 1955, December 4, 1957, December 4, 1958, December 4, 1959, December 5, 1960, and December 4, 1961.

On March 6, 1963, the present appellees, as Co-Administrators of Singer's estate, filed their complaint in three legal paragraphs seeking 1) specific performance of the real estate contract to gain a reconveyance of the property; 2) a declaratory judgment to determine the rights of the parties

under the contract (a demurrer to this paragraph of complaint was subsequently sustained) ; and 3) for a declaration of the transaction as a mortgage.

After the trial court denied plaintiff relief, an appeal was taken to the Appellate Court of Indiana. In *Singer et al., Co-Admr.* v. *Burcham, et al.* (1966), 140 Ind. App. 378, at 385, 216 N. E. 2d 532, at 537 (transfer denied), this court held:

> "We see no alternative but to hold that in view of all the facts surrounding the transaction, the parties involved— whether knowingly or not—contemplated a situation which the law presumes to be an equitable mortgage. To hold otherwise would be contrary to law.
>
> "The case is reversed and remanded for new trial."

On September 25, 1969, the plaintiffs, as Co-Administrators of the estate of Marshall V. Singer, Sr., filed a motion for summary judgment incorporating therein the pleadings and evidence filed and introduced in the original trial and the decision of the Appellate Court in *Singer, et al., Co-Admr.* v. *Burcham, et al., supra.*

Burcham then filed his affidavit in opposition to motion for summary judgment which, omitting caption and formal parts, reads as follows:

> "Comes now Leon D. Cline, who first being duly sworn upon his oath, says:

### 1.

> "That he is now the attorney of record representing the defendants in the above captioned case.

### 2.

> "That there is a dispute as to the material facts giving rise to this lawsuit. That as such the plaintiffs are not entitled to a summary judgment upon the pleadings.

GOLTRA, CLINE & KING
By /s/ Leon D. Cline
Attorneys for Defendants

"STATE OF INDIANA
COUNTY OF BARTHOLOMEW } SS:

"Leon D. Cline, being duly sworn upon his oath, says: That he is one of the attorneys representing the defendants in the above captioned case; that he has read the above and foregoing Affidavit for Summary Judgment and that the matters and things herein contained are true as he verily believes.

/s/   Leon D. Cline"

Subsequently the trial court entered summary judgment in favor of plaintiffs-appellees. Appellant-Burcham then filed his motion to correct errors which was overruled by the trial court, and has now brought this appeal. The sole issue raised by appellant is whether the trial court's granting of the summary judgment was proper.

In *Fair Share Organization* v. *Mitnick* (1964), 245 Ind. 324, at 326-327, 198 N. E. 2d 765, at 766, our Supreme Court in discussing the principle known as "the law of the case" stated as follows:

"The decision of a court of appeals rendered upon a given state of facts becomes the law of the case applicable to such state of facts. Of course, upon a new trial, if new evidence is introduced and a new state of facts presented, we have a different case, and the trial court is not conclusively bound by the previous decision; but if the cause is submitted for a retrial upon the same facts upon which the decision was originally rendered, such decision remains the law of the case and the trial court is bound thereby, as well as an appellate court on a subsequent appeal. *Egbert* v. *Egbert, et al.* (1956), 235 Ind. 405, 132 N. E. 2d 910; 2 I.L.E., *Appeals*, § 478." See also: *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 95 N. E. 2d 298; *The Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Hixon* (1887), 110 Ind. 225, 11 N. E. 285.

In the instant case no new facts or evidence were presented to the trial court, to the contrary, the only evidence was the

evidence and pleadings filed and introduced in the original trial and the decision of this court that the evidence shows, as a matter of law, that the transaction contemplated an equitable mortgage. Furthermore, the affidavit in opposition to the motion for summary judgment stated only that there are disputed issues of fact without setting forth "specific facts showing that there is a genuine issue for trial" as required by Rule TR. 56 (E), Indiana Rules of Procedure. Such affidavit is not sufficient to show a genuine issue of material fact. *Markwell* v. *General Tire and Rubber Co.* (1968), 142 Ind. App. 188, 233 N. E. 2d 676 (transfer denied).

Although it is not necessary that an opposing party file an affidavit, a consideration of all the pleadings and evidence introduced herein shows that a summary judgment was appropriate. *Kapusta* v. *DePuy Mfg. Co., Inc.* (1968), 249 Ind. 679, 234 N. E. 2d 487, 13 Ind. Dec. 311.

Appellant has made numerous arguments all to the effect that the summary judgment was improper because of material issues of fact relating to the existence of a mortgage, the intention and rights of the parties, the inapplicability of the doctrines of collateral estoppel and *res judicata,* the ownership of the property, and the inadmissibility of certain of the original evidence at the retrial. All of these contentions are rendered moot by operation of law, *i.e.,* the warranty deed recorded in Burcham's name is to be construed and will be shown as a mortgage in favor of Singer as held by the decision of the Appellate Court in *Singer et al., Co-Admr.* v. *Burcham, et al., supra.* Inasmuch as the case was submitted upon the same facts upon which the decision of the Appellate Court was originally rendered, the application of "the law of the case" left no genuine issue of material fact and the summary judgment was properly rendered. This is not to say, however, that appellant is precluded from asserting any rights under the mortgagee-mortgagor relationship in a subsequent action based upon said mortgage.

Appellant's final contention is that appellees failed to file an amended or supplemental complaint when appellant was substituted as party-defendant. Ind. Ann. Stat. § 2-227 (Burns 1967) was repealed and replaced by Rule TR. 25, Indiana Rules of Procedure, which, in pertinent part, reads as follows:

"(A) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the court, any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. Motion for substitution may be made before or after judgment, and if substitution is not reflected in the papers upon which the appeal is based, it may be made by motion in the court to which an appeal is taken at any time after the appeal is docketed; but if the case is returned to a lower court after the judgment or order upon appeal becomes final, the motion may then be made in such lower court."

Rule TR. 25, *supra,* contains no requirement that a supplemental complaint be filed.

The same result would be reached under the old statute which states that substitution should be allowed "on motion or supplemental complaint." Notwithstanding this, were we to assume, *arguendo,* that a supplemental complaint was required, appellant failed to make timely objection and, in fact, appeared in person and filed affidavits after such substitution. Furthermore, appellant has not shown that he has been prejudiced in any way by such substitution.

The judgment of the trial court is affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 814.